■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN BELTRAN, Appellant. — Judgment of the Supreme Court, Bronx County (Parness, J., at plea and sentence; Warner, J., at speedy trial hearing) rendered January 11, 1980, reversed, on the law and the facts, the motion to dismiss for failure to accord defendant a speedy trial granted, and the indictment dismissed. Defendant was charged with beating the woman with whom he lived with a stick on September 10, 1972, as a result of which she fell out of a window. By consequence of the fall she died. On October 19, 1972, defendant was indicted for manslaughter in the first and second degrees. The case was initially assigned to Detective Kimmel who retired in 1975. In November, 1975 it was reassigned to Detective Paul. Paul filed a "wanted" card with the National Crime Information Center. He also interviewed the daughter of the deceased who informed him that the name of defendant's mother was Caban and that, in accordance with Hispanic custom, defendant frequently used the hyphenated name of Beltran-Caban. Paul corrected the "wanted" card accordingly. Since the building in which defendant and deceased had lived had been torn down in the intervening period, efforts to interview neighbors had proved unavailing. Additionally, Paul ascertained that defendant had been born in Moca, Puerto Rico, and he communicated with the police authorities of the area and sent them a copy of the arrest warrant for defendant. From time to time he communicated with the Bureau of Criminal Identification to ascertain whether they had any information about defendant, all to no avail. In 1978 Paul went to Puerto Rico to investigate a number of crimes. While there he made a trip to Moca and ascertained that defendant was known there and had been in the vicinity some two weeks earlier. He returned to Moca in March, 1979. This time he was told that defendant was there and Paul effected defendant's arrest as he approached his uncle's house. A search conducted at

that time indicated two Social Security cards, one under the name of Herman Beltran Caban and the other under the name of Jose Hernandez. Further investigation indicated that he had been employed by a single firm under both names and while using both Social Security cards. Subsequent to his arraignment, defendant moved to dismiss the indictment on the ground that the delay of some six and one-half years between indictment and arraignment deprived him of his constitutional right to a speedy trial. The court denied the motion after conducting an evidentiary hearing. Defendant then pleaded guilty to manslaughter in the second degree. Although the efforts of Detective Paul were scarcely those of a police officer remorselessly and relentlessly tracking down a violator of the law, it was, we think, sufficient to pass muster, given the circumstances of the case. Our problem arises from the fact that the three years during which Detective Kimmel was the investigating detective are an utter blank. Kimmel was not called as a witness. Whether or not he was available was not indicated. Other than a DD5 made out by Paul back in 1972, and that sometime between 1972 and 1975 Kimmel had filed a "wanted" card for defendant, there is nothing to indicate what, if anything, was done. Whether the 1972 DD5 made out by Paul, in which he checked out the registration of a car which, it was thought, had been driven by defendant, was prepared before Kimmel had been assigned to the case or to assist an overburdened brother detective is not made clear. None of the records prepared by Kimmel were produced. In short, with the isolated exceptions indicated, the three-year period following the homicide is a void. Under our law a defendant is entitled to a speedy trial. It is the State which brings the prosecution and it is the State which is required to proceed with due expedition (*People v Prosser,* 309 NY 353). Circumstances may justify a delay. Where such justification is claimed, the obligation rests on the State to come forward with the explanation. In light of the failure to show what was done to apprehend defendant during the initial three-year period following his indictment, the purported explanation that some time in or about August, 1978 he commenced using the name of Jose Hernandez, is scarcely sufficient. Accordingly, we vacate the sentence and plea, grant the motion to dismiss the indictment and dismiss the indictment. Concur — Sandler, J. P., Ross, Silverman, Bloom and Lynch, JJ.