■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE A. MELENDEZ, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Dubin, J.), dated June 8, 1981, which, without a hearing, granted defendant's motion to dismiss the indictment for failure to comply with the speedy trial provisions of CPL 30.30. Order affirmed. Defendant allegedly robbed and attempted to murder three persons in Queens County on March 31, 1980. The following day he was arrested and incarcerated in Rensselaer County on an unrelated weapons charge. On April 4, 1980 a felony complaint was sworn to in Queens County and an arrest warrant was issued. The warrant was lodged as a detainer in Rensselaer County on April 7, 1980. On February 20, 1981 defendant was removed from Rensselaer County on the basis of the detainer and was produced the next day in Queens County. Concededly, the People were aware of defendant's whereabouts at least from April 7, 1980, the date the warrant was lodged as a detainer. Yet no evidence was offered that any effort had been made to obtain the presence of defendant for prosecution in Queens County, other than the fact that an arrest warrant had been lodged as a detainer in Rensselaer County some 10½ months prior to defendant's production in Queens County. It is settled that the mere filing of a detainer does not satisfy the statutory speedy trial requirement that the District Attorney must be "diligent" and make "reasonable efforts to obtain the presence of the defendant for trial" (see CPL 30.30, subd 4, par [e]; *People v McLaurin,* 38 NY2d 123; *People v Winfrey,* 20 NY2d 138). Accordingly, Criminal Term was correct in refusing to exclude the 10½ month period between the filing of the felony complaint and the defendant's production in Queens County from the six-month period during which the People were

required to be ready for trial (CPL 30.30, subd 1, par [a]). Finally, it should be noted that since the People failed to controvert the factual basis for the motion, there was no need to conduct a hearing (see CPL 210.45, subd 4; *People v Gruden,* 42 NY2d 214; see, also, *People v Lomax,* 50 NY2d 351). While the consequences of the People's error here are unfortunate, it is beyond our power of rescue. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.