■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KLAUS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 29, 1982, convicting him of two counts of conspiracy in the fourth degree, after a nonjury trial, and imposing sentence. Matter remitted to the County Court, Nassau County, to hear and report in accordance herewith; in the interim, the appeal will be held in abeyance. The report shall be filed with all convenient speed. Defendant seeks a reversal of his convictions upon the ground that the People have violated his right to a speedy trial as provided for in CPL 30.30 and that the County Court Judge erred in denying his motion to dismiss the indictment made on that ground. Acting on a stipulation of the parties to the effect that defendant was arrested on June 16, 1980 on a felony complaint filed in the Nassau County District Court on that date; that defendant was arraigned on June 17, 1980 on that felony complaint; that an indictment was handed up and is dated December 15, 1980; and that the matter was on for arraignment on December 16, 1980, at which time the People responded that they were ready for trial, the County Court Judge held that "the People were ready for trial within precisely six (6) months of the filing of the accusation, [and] the motion to dismiss on these grounds is denied, for that reason alone". On the argument of the appeal in this court the People conceded that the felony complaint was filed on June 4, 1980 and a warrant for defendant's arrest was issued on June 9, 1980 and was executed on June 17, 1980. That being so, the decision of the County Court that the People were ready for trial within precisely six months of the filing of the accusation was founded upon an erroneous stipulation and cannot stand. There remains to be determined whether any periods of time must be excluded in determining whether defendant was denied a speedy trial (see CPL 30.30, subd 4). The People maintain that certain adjournments which occurred in July and August of 1980 resulted in excludable time. The record before us is insufficient to enable us to determine which side requested those adjournments, whether they were consented to and the number of days involved (see CPL 30.30, subd 4, par [b]). That being so, the matter must be remitted to the County Court, Nassau County, for the purpose of conducing a hearing, and making a reviewable record and findings with respect thereto. Defendant's appeal from the judgment of conviction will be held in abeyance pending a filing of the court's report. Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH S., Appellant. — Appeal by defendant, as limited by his motion, from an amended sentence of the County Court, Westchester County (Cowhey, J.), imposed July 22, 1982 upon a violation of probation of his adjudication as a youthful offender after a plea of guilty to burglary in the third degree, the sentence being an indeterminate term of from one to three years' imprisonment. Amended sentence modified, as a matter of discretion in the interest of justice, by reducing it to an intermittent term of imprisonment of one year, to be served on weekends. As so modified, sentence affirmed and this case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated. Damiani, J. P., Titone, Gulotta and Boyers, JJ., concur.