■ The People of the State of New York, Respondent, v James Horney, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered December 4, 1981, upon a verdict convicting defendant of three counts of the crime of grand larceny in the second degree. Defendant raises a number of issues on this appeal, including a claim that the trial court erred in denying his motion to dismiss the indictment on speedy trial grounds. The trial court denied the motion without a hearing, concluding that defendant, by his conduct, exhibited an unwillingness to proceed to trial and that, therefore, all delays were attributable to defendant. The record does show that defendant left the country, perhaps as early as May, 1980, and that after returning, he changed attorneys. The record also establishes, however, that defendant was indicted on November 16, 1979. Accordingly, pursuant to CPL 30.30 (subd 1, par [a]), the People were required to announce their readiness by May 16, 1980 (see *People v Smith*, 97 AD2d 485). There is no evidence in the

---

record that any of the delay during this period was attributable to defendant. Indeed, the People so concede in their brief. Also absent from the record is any documentary proof that the People were ready to proceed to trial within the six-month period and that they communicated that readiness (see *People v Hamilton,* 46 NY2d 932). The People have attached to their brief papers purporting to be excerpts of the Trial Calendar for the December, 1979 and January, 1980 terms, with defendant's name listed thereon. It is argued that these documents show the People's readiness for trial (see *People v Burney,* 90 AD2d 959). Assuming that the rule in *Burney* (*supra*) is applicable (see *People v Santiago,* 96 AD2d 720), the documents were not submitted in opposition to defendant's motion and, therefore, are not part of the record. In our view, given the equivocal state of the record concerning the reason for the delay during the six-month period following the indictment of defendant and the People's readiness for trial during that period, decision on this appeal should be withheld and the matter remitted to the trial court for a hearing and appropriate findings (see *People v Campbell,* 90 AD2d 967, 968). Decision withheld, and matter remitted to County Court of Broome County for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.