■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH ROY, JR., Respondent. — Appeal by the People from an order of the County Court, Suffolk County (Weissman, J.), dated October 28, 1983, which granted defendant's motion to dismiss the indictment for failure to accord him a speedy trial. ¶ Order affirmed. ¶ Defendant was charged with possession and sale of heroin by a sealed indictment filed April 29, 1977. The Suffolk County Narcotics Squad received an arrest warrant on May 18, 1977. Thereafter, on June 14, 1977, a visit to defendant's home resulted in an interview with his mother. She stated that defendant was not at home, that she did not know when he would be home, but she would have him turn himself in. The record reflects no further police action to execute the warrant until June 29, 1978, over one year later. Defendant was ultimately arrested on November 26, 1982. ¶ Defendant moved to dismiss the indictment on the ground, *inter alia,* that the People had failed to comply with the speedy trial requirement of CPL 30.30 (subd 1, par [a]). That section requires the People to be ready for trial within six months of the commencement of a criminal action (CPL 1.20, subd 17; *People v Lomax,* 50 NY2d 351). Accordingly, the People were required to be ready for trial within six months of April 29, 1977, unless they could attribute any period of delay to defendant. ¶ The People contend that the entire postindictment period of delay preceding defendant's arrest was excludable based upon CPL 30.30 (subd 4, par [c]). ¶ We disagree. That section excuses any period of delay resulting from the absence or unavailability of the defendant. "A defendant must be considered absent whenever his location is unknown *and* he is attempting to avoid apprehension * * * or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence" (CPL 30.30, subd 4, par [c], emphasis supplied). ¶ It is well established that the People bear the burden of proving a defendant's absence or unavailability (*People v Berkowitz,* 50 NY2d 333, 349). We agree with the County Court that the People failed to meet that burden. Without more, the bare fact that defendant was not home when the police inquired on June 14, 1977, does not establish either that his location was unknown or that he was attempting to evade apprehension. Accordingly, the People failed to establish defendant's absence. To establish defendant's unavailability, the People had to demonstrate due diligence to produce him for trial. The record reflects no further efforts to execute the warrant until June 29, 1978, over one year later, nor any reason for failing to do so. Accordingly, the People did not establish due diligence. ¶ We note that the later exercise of due diligence, which resulted in defendant's eventual

apprehension, cannot serve to cure the initial deficiency (see *People v Beltran,* 88 AD2d 830). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.