■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BILLUPS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Feinberg, J.), rendered September 5, 1980, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence.

Judgment reversed, on the law, indictment dismissed, and case remitted to the County Court, Westchester County, for the

purpose of entering an order in its discretion pursuant to CPL 160.50. The findings of fact are affirmed.

Defendant was initially charged with the instant offenses in a felony complaint upon which defendant was arraigned on May 1, 1979 and which was amended on May 9, 1979. On May 18, 1979 it was discovered that defendant was being held at the Queens House of Detention on an unrelated charge. An arrest warrant was lodged as a detainer in Queens County on May 31, 1979. However, the Westchester County District Attorney's office claims that Queens County refused to release defendant to Westchester County for arraignment until November 14, 1979. The People eventually withdrew all charges on December 12, 1979, and presented the case to a Grand Jury. An indictment was filed on January 14, 1980, and the People indicated their readiness for trial on January 21, 1980.

The People contend that the delay herein was occasioned by defendant's detention in another county, and that the lodging of the detainer and subsequent telephonic requests to Queens County for defendant's production were sufficient to exclude the period of defendant's incarceration in Queens County from the time in which they were required to be ready for trial. However, the mere filing of a detainer under such circumstances does not satisfy the statutory requirement that the District Attorney be "diligent" and make "reasonable efforts to obtain the presence of the defendant for trial" for purposes of excluding time otherwise chargeable to the People (CPL 30.30, subd 4, par [e]; *People v Melendez*, 92 AD2d 904). In this case, there is no evidence that the District Attorney utilized the available statutory procedure for securing the attendance of a defendant confined in an institution located in another county within the State (CPL 560.10).

Defendant's other contentions have been considered and are without merit. Titone, J. P., Thompson, Bracken and O'Connor, JJ., concur.