■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 23, 1982, convicting him of criminal possession of stolen property in the first degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to dismiss the indictment on speedy trial grounds (Balbach, J.).

Case remitted to Criminal Term to hear and report on defendant's speedy trial motion, and appeal held in abeyance in the interim. Criminal Term shall file its report with all convenient speed.

Defendant is entitled to a hearing on his motion pursuant to the speedy trial provisions of CPL 30.30. We reject the People's argument that that statute has no application to this case. Defendant was not charged with any crime set forth in CPL 30.30 (3) (a) and, therefore, the People were obliged to bring defendant to trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). Since defendant has demonstrated that he was not tried within six months of the commencement of the prosecution, the burden was on the People to prove what periods of time should be excluded (*People v Berkowitz*, 50 NY2d 333). We cannot decide on the basis of the record before us whether the People have met that burden. Defendant asserts that his speedy trial motion was summarily denied. The record reveals, however, that Criminal Term (O'Dwyer, J.) directed that a hearing be held, and that Criminal Term (Balbach, J.) thereafter denied the motion "after a hearing and for the reasons stated on the record". Thus, the People's position that a hearing was held prior to the determination of this motion is confirmed by the record. The People state, however, that the minutes of this hearing have been lost. In support of this statement, the

People submitted with their brief an affidavit of the principal court reporter of the Supreme Court, Queens County, attesting to the fact that a diligent search of the court facilities has been made, and the original stenographic notes of the retired court reporter supposedly present at this hearing cannot be located. We therefore have before us only the papers submitted in connection with the defendant's motion. Since we cannot determine, on the basis of those papers alone, that the defendant's right to a speedy trial has not been violated, a hearing must be held. This appeal will be held in abeyance in the interim.

Among the issues of fact to be considered at the hearing are the following. First, there is a question as to when the People were ready for trial. On appeal, the People state they were ready on September 4, 1981. The record reveals that this is merely the date of the People's affirmation in opposition to defendant's motion. That affirmation does not contain a statement of the People's actual, current readiness for trial. Thus, the record before this court does not establish when the People communicated their readiness in a sufficient manner, and whether, if they did, the People were in fact ready to try the case at that time (see, People v Kendzia, 64 NY2d 331).

Second, the record before us indicates that the defendant was in Federal custody for some unspecified period of time after his original arraignment and before the commencement of his trial in State court. If any portion of this time period is to be excluded pursuant to CPL 30.30 (4) (e), the People must prove that they exercised due diligence to obtain his presence (e.g., People v Mucciolo, 104 AD2d 905). If, as the record suggests but does not establish, this Federal detention was in connection with ongoing Federal criminal proceedings, so as to be excludable under CPL 30.30 (4) (a), the People must show when any such proceedings commenced and ended. We note also that as to the charges of which defendant was ultimately convicted, the criminal action is deemed to have commenced as of the filing of the felony complaint, not on the date of the filing of any subsequent indictment, amended indictment, or superseding indictment (People v Lomax, 50 NY2d 351; People v Osgood, 52 NY2d 37; People. v Daniel P., 94 AD2d 83, 85). O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.