■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT ORSE, Also Known as TOMMY CANTY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered August 12, 1983, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Judgment reversed, on the law, motion granted, indictment dismissed and matter remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In denying the defendant's motion to dismiss the indictment based on the People's failure to provide him with a trial within the required six-month period provided by CPL 30.30, the County Court did not charge against the People, *inter alia,* the period of 495 days from February 6, 1981 until June 16, 1982. This period can be broken down into two components: (1) a 67-day period from February 6, 1981, when the defendant failed to appear for arraignment on his indictment and a bench warrant was issued, until April 14, 1981, when the Nassau County authorities sent a letter to the defendant at his last-known Corona, Queens address, which was returned with the stamp, "Returned to Sender, Address Not Known", and (2) the period of 428 days from April 14, 1981 until June 16, 1982, when the defendant was arrested in Queens County. In not charging this time to the People, the County Court held "that the issuing of the April 14, 1981 letter [was] sufficient to

fulfill the 'due diligence' requirement" set forth in CPL 30.30 (4) (c).*

Both these component periods should have been charged to the People. With regard to the first period of 67 days' duration, it is clear that the defendant's absence or unavailability "did not occasion the delay between indictment and the State's first attempt * * * to contact defendant" *(People v Fuggazzatto,* 96 AD2d 538, 540, *mod on other grounds* 62 NY2d 862). Accordingly, this 67-day period must be charged to the People.

The People also argue that (1) they satisfied the requirement that they act with "due diligence" in attempting to locate the defendant when they had letters mailed to the defendant at his last-known address in Corona, Queens on April 14, 1981 and March 30, 1982, and both were returned shortly thereafter with the stamp "Returned to Sender, Address Not Known" and (2) the period from April 14, 1981 until June 16, 1982, therefore, had to be excluded, i.e., not charged to them.

We disagree with the People's argument.

In support of his motion to dismiss the indictment pursuant to CPL 30.30, the defendant alleged and submitted documentary evidence indicating that the Corona address existed and that he had lived there, and also alleged that during the period of time in question he (1) moved with his mother toward the end of February 1981 from the Corona address to another address in Jamaica, Queens, (2) lived at the Jamaica, Queens address "openly and notoriously", (3) filed income tax returns under the name Brent Orse using the Jamaica, Queens address and (4) left a forwarding address with the Corona and Flushing, Queens post offices.

In opposition to the defendant's motion, the People adduced evidence indicating that after receiving the stamped response, "Returned to Sender, Address Not Known", to their first letter, which was sent on April 14, 1981 to the defendant's Corona address, they made no further attempt to locate the defendant, except to merely write a second letter, almost a year later, to the same Corona address, which again produced

---

* CPL 30.30 (4) (c) was amended, effective August 1, 1984 (L 1984, ch 670, § 1) so as to render excludable "the period extending from the day the court issues a bench warrant * * * to the day the defendant subsequently appears in the court". This amendment, however, cannot be applied retroactively by the People to the facts at bar *(see, People v Bratton,* 103 AD2d 368, 370, n, *affd* 65 NY2d 675).

the same result. This minimal action falls short of the standard of "due diligence" which has evolved through relevant case law (see, People v Roy, 102 AD2d 876; People v Wittmann, 73 AD2d 1053). In People v Manley (63 AD2d 988), the People sent a letter to the defendant at his last-known address after he failed to appear for his arraignment. The letter was returned "unknown" and thereafter the police went to the address, questioned neighbors, visited the post office, spoke to the letter carrier, checked relevant court files and questioned personnel with regard to previous addresses used by the defendant and addresses of relatives. Under those circumstances, this court held that the activities of the police and the District Attorney's office "were sufficient to meet the statutory standard of 'due diligence' ", pursuant to CPL 30.30 (4) (c) (People v Manley, supra, at p 989). The effort of the People to locate the defendant in the case at bar falls far below the effort which was expended in People v Manley, and, indeed, falls below any fair interpretation of the standard of "due diligence".

The County Court also erred in failing to charge the People with the 29-day period from August 10, 1982, when the Nassau County authorities lodged a warrant as a detainer against the defendant in Queens County, until September 8, 1982, when the Nassau County authorities filed a judicial order in Queens County to produce the defendant. It has been held that the "mere filing of a detainer" does not satisfy the "due diligence" requirement (People v Melendez, 92 AD2d 904). Since the People did not utilize "the available statutory procedure for securing the attendance of [the] defendant [who was] confined in an institution located in another county within the State (CPL 560.10)" until September 8, 1982, this 29-day period must be charged to the People (People v Billups, 105 AD2d 795, 796). In addition to these periods, the County Court, inter alia, charged the People with the 77-day period from November 21, 1980 until February 6, 1981, which the People do not contest on appeal.

The People had to be ready for trial within six calendar months after commencement of the criminal action "which is not necessarily 180 days" (People v Jones, 105 AD2d 179, 188, affd 66 NY2d 529). In the case at bar, the relevant six-month period (from Sept. 28, 1980 through Mar. 28, 1981) totaled 181 days, and the People were required to be ready within that period unless there were excludable periods (see, People v Jones, supra; People v Osgood, 52 NY2d 37). Since over 500 days of delay can be charged to the People on this record, the

defendant's judgment of conviction is reversed, and his motion to dismiss the indictment pursuant to CPL 30.30 is granted. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.