■ The People of the State of New York, Respondent, v Keith Wojciechowski, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered July 15, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the County Court, Suffolk County, to hear and report on that branch of the defendant's speedy trial motion which was to dismiss the indictment on the ground that his rights pursuant to CPL 30.30 were violated, and the appeal is held in abeyance in the interim; the County Court, Suffolk County, shall file its report with all convenient speed.

The defendant was charged and arraigned upon a felony complaint on June 9, 1984. As the People concede, this represented the commencement of the criminal action against the defendant (see, CPL 30.30 [1] [a]; People v Lomax, 50 NY2d 351, 355-356). Therefore, in accordance with CPL 30.30 (1) (a), the People were required to bring the defendant to trial within six months thereafter, which is not necessarily 180 days (see, People v Smith, 97 AD2d 485), that is, by December 9, 1984.

The defendant was not indicted until November 29, 1984, a mere 10 days before the expiration of the statutory speedy trial deadline. Seven days thereafter, on December 6, 1984, an Assistant District Attorney appeared in court in order to arraign the defendant upon the indictment; the defendant, however, failed to appear at that time. A bench warrant was issued for the defendant's arrest. The People also announced their readiness for trial at that time.

On December 24, 1984, the Suffolk County District Attorney's office received a letter from the defendant, stating that he was incarcerated at the Chautauqua County jail. The Suffolk County District Attorney's office later learned, on December 27, 1984, that the previously issued warrant had been lodged as a detainer in the Nassau County jail. It is clear that, as of this point, the Suffolk County authorities knew, or should have known, that the defendant was not in the custody of Nassau County and had been transferred to the Chautauqua County jail.

On January 2, 1985, the Assistant District Attorney in charge of this case applied for an order pursuant to CPL 560.10 and on January 3 the order was issued. Pursuant to this order the Nassau County authorities were directed to produce the defendant in Suffolk County for arraignment on February 13, 1985. For reasons not apparent from the record on appeal, this order was not obeyed. The defendant was finally produced pursuant to a second court order, and arraigned on March 8, 1985.

The defendant subsequently made a motion to dismiss the

indictment, *inter alia,* pursuant to CPL 30.30. The court, by decision and order dated April 26, 1985, denied the motion. The court relied on the statement in *People v Giordano* (56 NY2d 524, 525) that "when the District Attorney had announced his readiness [for trial] on the record he had satisfied his obligation under CPL 30.30". The court therefore denied the motion without a hearing on the basis that the People had announced their readiness on December 6, 1984, within six months of the commencement of the action, so that they had satisfied the requirements of CPL 30.30.

The Court of Appeals has since held that *People v Giordano (supra)* should not be read so broadly, and that, under certain circumstances, the People will be charged with periods of time which elapse even after they have announced their readiness *(see, People v Anderson,* 66 NY2d 529). Where, for example, a postreadiness delay is attributable to the detention of the defendant in another county, the delay will be charged to the People unless the People exercised due diligence in attempting to produce the defendant *(see,* CPL 30.30 [4] [e]; *People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529).

The People, in opposition to defendant's motion, allege facts which may warrant the exclusion of the following time periods (1) December 6 to December 24, 1984, based on the fact that the defendant's location was unknown (CPL 30.30 [4] [c]) and (2) December 24, 1984 to March 8, 1985, based on the fact that, during that period, the People were diligently seeking to obtain the defendant's production for arraignment from the Chautauqua County jail, where he was being held (CPL 30.30 [4] [e]). However, issues of fact exist concerning exactly when the People knew or should have known of the defendant's incarceration in Chautauqua County, and whether they acted diligently in seeking to have the defendant produced. There is, in particular, an issue of fact as to why the first order pursuant to CPL 560.10, whereby the defendant was supposed to be produced on February 13, 1985, was not obeyed.

Thus, the record is not sufficient to permit us to summarily dispose of that branch of the defendant's motion which was for dismissal of the indictment on the ground that his rights pursuant to CPL 30.30 had been violated. The matter is therefore remitted for a hearing, and the appeal will be held in abeyance in the interim.

Turning to the remaining issues on appeal, we find that the defendant was not deprived of his constitutional right to a speedy trial, and therefore the hearing shall not address that issue *(see, People v Taranovich,* 37 NY2d 442; *see also, People v*

*Watts,* 57 NY2d 299). Finally, we find that the evidence at trial was legally sufficient to prove the defendant's guilt of burglary in the third degree *(see, People v Barnes,* 50 NY2d 375). We are also satisfied, upon the exercise of our factual review power, that the People proved the defendant's guilt of this crime beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.