■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STONE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rubin, J.), rendered January 23, 1981, convicting him of absconding from temporary release in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, an inmate at the Ossining Correctional Facility, failed to return to that facility after a two-day furlough on June 27, 1976, his scheduled return date. On June 28, 1976, an absconder's warrant was issued for the defendant's arrest. The defendant was not arrested on the warrant until January 10, 1980, when he was detained for shoplifting at a Brooklyn store.

During the 3½-year period that the defendant remained at large, the warrant was referred to different authorities who, because of large caseloads and understaffing, failed to appre-

hend the defendant. In April 1979 the case was turned over to the New York State Police Violent Felony Warrant Squad. Despite an exhaustive search conducted by the investigator assigned to the defendant's case, the defendant was not located until his arrest in 1980.

Although the defendant was arrested three times on unrelated charges while he was wanted on the warrant, on each occasion he used an alias. Fingerprint checks performed at the time of two of these arrests revealed his true identity but did not reveal an outstanding warrant. An indictment charging the defendant with absconding from temporary release was filed on July 3, 1980, six months after his arrest and four years after his unauthorized departure.

The defendant moved for dismissal of the indictment on the ground that he had been deprived of a speedy trial due to preindictment delay. A hearing was held, and the court denied the defendant's motion, finding that all but six months of the delay was attributable to the defendant's actions and that, therefore, he had not been denied his right to due process. We agree.

A claim of deprivation of a speedy trial due to a preindictment delay is governed by considerations of due process which generally requires a showing of actual prejudice before dismissal is warranted (see, People v Singer, 44 NY2d 241, 252). The Statute of Limitations is the primary safeguard against potential prejudice when there has been a delay in arresting or formally charging the defendant (United States v Marion, 404 US 307, 321-322). Although a lengthy and unjustifiable delay in commencing the prosecution may, in certain circumstances, require dismissal even though no actual prejudice is shown (see, People v Singer, supra; People v Staley, 41 NY2d 789), this is not such a case.

In the instant case, unlike People v Singer (supra) and People v Staley (supra), the defendant engaged in conduct intended to evade the authorities, and his efforts were successful. All but a small fraction of the delay is directly attributable to the defendant (see, People ex rel. Flores v Dalsheim, 66 AD2d 381, 387-389). Although the defendant was arrested on unrelated charges during his unauthorized absence from prison, the arresting authorities, for unknown reasons, did not learn of the warrant. Within the constraints of an overburdened and understaffed bureaucracy, diligent efforts were made to locate the defendant. The delay in this case, in the

absence of any prejudice to the defendant, was insufficient to warrant dismissal of the indictment *(see, People v Fuller,* 57 NY2d 152, 159-160). The defendant, who was afforded a full and fair hearing on his motion to dismiss the indictment, offered no proof that he was prejudiced by the delay, either before or after his arrest. Accordingly, the Supreme Court's denial of his motion was proper *(see, People v Taranovich,* 37 NY2d 442; *People v Bryant,* 65 AD2d 333, 339-340). Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.