■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 23, 1982, convicting him of criminal possession of stolen property in the first degree and resisting arrest, upon a jury verdict, and imposing sentence. By order dated October 15, 1985, this court remitted the matter to Criminal Term for a hearing on the defendant's speedy trial motion *(People v Brown,* 114 AD2d 418). Criminal Term (Balbach, J.) has now filed its report.

Ordered that the judgment is affirmed.

Although more than six months elapsed between the commencement of the criminal prosecution of the defendant on November 6, 1980 and the time when the People announced their readiness for trial, the defendant's speedy trial motion (CPL 30.30) was properly denied.

First, a total of 149 days is attributable to adjournments granted by the court at the request of the defendant (CPL 30.30 [4] [b]). Specifically, the record indicates that the defendant requested, and was granted, adjournments on December 11, 1980 (one day), January 5, 1981 (16 days), April 6, 1981 (10 days), April 16, 1981 (15 days), May 1, 1981 (21 days), May 22, 1981 (16 days), June 8, 1981 (18 days), June 26, 1981 (13 days), July 9, 1981 (20 days), and July 29, 1981 (19 days).

Secondly, the 28 days between January 21, 1981, and February 18, 1981 are excludable because the defendant's first omnibus motion was under consideration during that time (CPL 30.30 [4] [a]; *People v Heller,* 120 AD2d 612, *lv denied* 68 NY2d 757). Similarly, there was an extensive delay which resulted from a second omnibus motion by the defendant, which was made after the People filed a superseding indictment. This motion remained pending before the court from August 11, 1981 until December 4, 1981, or a total of 115 days (six of which have already been excluded pursuant to CPL 30.30 [4] [b], *supra).* This delay was brought about because the defendant's second omnibus motion included a motion to dismiss the indictment on speedy trial grounds, and it was necessary to hold a hearing in respect to that aspect of the motion. The People responded to the motion by September 4, 1981, and the subsequent delay in scheduling a hearing is not attributable to the People. Thus, 109 additional days should be excluded.

Exclusion from the speedy trial timetable of the 286 days discussed above is sufficient to warrant denial of the defendant's motion. However, it should also be noted that further periods of time are excludable because the defendant was in the custody of Federal authorities between January 7, 1981, when he was removed by Federal Marshals from Rikers Island, until June 26, 1981, when he was produced in State court. The defendant's imprisonment in Federal custody resulted from a Federal prosecution which lasted from December 23, 1980, when a complaint was filed, until June 12, 1981, when sentence was imposed. This time should also be ex-

cluded, to the extent that it has not already been excluded for the other reasons outlined above. Since the defendant was still facing Federal charges during this time, and had not yet "entered upon a term of imprisonment", the State court could not compel the defendant's attendance pursuant to the Agreement on Detainers (see, CPL 580.20; *People v Lublin,* 62 AD2d 1022, 1023-1024). The parties agree in their briefs that three "writs to produce" were served during the defendant's Federal incarceration (see, CPL 580.30 [2]). This satisfies the due diligence requirement of CPL 30.30 (4) (e) (cf., *People v Orse,* 118 AD2d 816, 818; *People v Billups,* 105 AD2d 795).

Accordingly, the defendant's speedy trial motion was properly denied. His remaining contentions are without merit. Kunzeman, J. P., Weinstein, Rubin and Eiber, JJ., concur.