■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MANESCALA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 14, 1986, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the Supreme Court, Queens County, to hear and report on the defendant's speedy trial motion, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

The defendant seeks a reversal of his conviction upon the ground, *inter alia,* that the People violated his right to a speedy trial as provided for in CPL 30.30 and that the Supreme Court erred in denying his motion to dismiss the indictment on that basis. The parties agree that a felony complaint was filed on or about May 27, 1982, and that the first trial of this indictment began on or about January 24, 1985. Reviewing the record before us, we can determine that the People had not exceeded their 180-day statutory limitation for trial readiness during the period prior to the defendant's CPL 30.30 motion decided July 1, 1983. However, the record before us is insufficient to enable us to determine which side requested the adjournments subsequent to that date and thus requires us to remit the matter for a hearing on that issue *(see, People v Brown,* 114 AD2d 418; *People v Horney,* 99 AD2d 886; *People v Klaus,* 94 AD2d 748). Documentation is obviously necessary for this court to properly review the merits of the Supreme Court's decision of a subsequent CPL 30.30 motion decided April 16, 1984.

The People's contention that their readiness for trial on January 3, 1983 tolled their limitation period pursuant to CPL 30.30 is without merit. CPL 30.30 (3) (b) recognizes the right of the defendant to move for dismissal after the People have answered ready. In computing the time under CPL 30.30 (3) (b) for a postreadiness motion, such portion of the readiness period established by the section as remained available when the readiness was originally declared is preserved for the People *(People v Anderson,* 66 NY2d 529, 534). Hence, the People's postreadiness delays may be counted by the court in deciding whether to dismiss the indictment. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.