■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN JACKSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered July 3, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the case is remitted to the County Court, Nassau County, to hear and report on the defendant's speedy trial motion, and the appeal is held in abeyance in the interim. The County Court is to file its report with all convenient speed.

The defendant contends that the People violated his right to a speedy trial as provided for in CPL 30.30 and that the court erred in denying his motion to dismiss the indictment based upon that ground.

The parties agree that a felony complaint was filed on or about February 14, 1984, and that the People announced their readiness for trial on August 9, 1984. The defendant's CPL 30.30 motion was made on September 10, 1984, approximately seven months after the filing of the accusatory instrument.

Initially, we note that the People's contention that their announcement of readiness for trial tolled the applicable limitation period is without merit. Pursuant to CPL 30.30 (3) (b) a defendant may move for dismissal upon speedy trial grounds after the People have answered ready for trial. Delays by the People subsequent to such announcement and

prior to the defendant's motion, if any, are to be included in the court's computations in determining whether to dismiss the indictment *(see, People v Anderson,* 66 NY2d 529, 534).

It appears that at least seven months elapsed from the time of the commencement of the criminal proceeding against the defendant to the making of the CPL 30.30 motion. However, the court did not examine the period of time subsequent to the People's announcement of readiness to determine whether any adjournments or delays during such period were chargeable to the People. Based upon the record before us, we cannot determine whether the People exceeded the time within which they were required to be ready for trial. Therefore, remittitur of the matter for a hearing on such issue is necessary *(see, People v Manescala,* 138 AD2d 633; *People v Brown,* 114 AD2d 418, *affd on remand* 136 AD2d 715; *People v Horney,* 99 AD2d 886, *affd on remand* 103 AD2d 891; *People v Klaus,* 94 AD2d 748). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.