■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WOJCIECHOWSKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered July 15, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. By order of this court dated July 6, 1987, the appeal was held in abeyance and the matter was remitted to the County Court, Suffolk County, for a hearing on the defendant's speedy trial motion *(People v Wojciechowski,* 132 AD2d 586). The County Court has complied and has now filed its report.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The facts of this case are set forth in our earlier decision *(People v Wojciechowski,* 132 AD2d 586, *supra).* The evidence adduced at the hearing establishes that the following is the People's explanation for the lengthy delay in having the defendant produced for arraignment in Suffolk County.

The first writ of habeas corpus, which was signed by the court on January 3, 1985, was addressed to the Warden or Superintendent of the Nassau County Correctional Facility in East Meadow. Relying on this notation, an officer of the Suffolk County Sheriff's Department who received the writ on January 7, 1985, planned to call the Nassau County facility on February 8, 1985, in order to arrange for the prisoner's transportation. When the call was made on February 8, however, this officer learned that the prisoner had been sent to the Chautauqua County Jail in Mayville. Since the defendant could not then be produced by the return date of the first writ, a second writ of habeas corpus was issued.

Thus, the delay in the production of the defendant in Suffolk County is attributable to the mistaken identification of the jail in which the defendant was incarcerated which was contained in the first writ. The District Attorney's office should have known as early as December 24, 1984 that the defendant was located in the Chautauqua County Jail, rather than the Nassau County Jail *(see, People v Wojciechowski, supra)*. The question becomes whether this bureaucratic mistake bespeaks a lack of diligence which would necessitate a granting of the defendant's speedy trial motion.

CPL 30.30 (4) (e) allows for the exclusion from the speedy trial timetable of any "period of delay resulting from [the] detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial". Generally, sufficient diligence is exercised when the proper statutory procedures with respect to securing the attendance of defendants are followed *(see,* CPL 560.10 [securing attendance of defendants confined in other State institutions], 570.02 *et seq.* [securing attendance of defendants confined outside of State], 580.20 [agreement on detainers], 580.30 [securing attendance of Federal prisoners]; *see also, People v Orse,* 118 AD2d 816, 818; *People v Billups,* 105 AD2d 795, 796; *cf., People v Brown,* 136 AD2d 717). Here, the People attempted to follow the procedure outlined in CPL 560.10, but designated the incorrect facility on the face of the writ. Furthermore, the officer charged with the duty of arranging transportation admitted that he did not read the petition appended to the writ which correctly identified the location of the defendant's incarceration. These mistakes caused a delay of approximately one month in the defendant's production.

We recognize that CPL 30.30 (4) (e) does not require perfect

diligence. All that is required is that the People exercise reasonable diligence, and in determining what is reasonable we must realistically consider the "constraints of an overburdened and understaffed bureaucracy" *(People v Stone,* 136 AD2d 662, 663). However, under the particular facts of this case, we conclude that the People must be charged with the postreadiness delay which resulted from the errors in the preparation and processing of the first writ of habeas corpus *(see generally, People v Jones,* 105 AD2d 179, 186, *affd* 66 NY2d 529; *People v Taylor,* 139 AD2d 543; *People v Scott,* 56 AD2d 667).

The defendant's motion pursuant to CPL 30.30 should have been granted. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.