■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ABRAHAM PACHECO, Respondent.—Appeal by the People from (1) a decision of the Supreme Court, Kings County (Slavin, J.), dated June 18, 1987, which granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment, and (2) an order of the same court dated July 27, 1987, entered upon the decision.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the order is affirmed.

Where more than six months have elapsed between the

commencement of a criminal proceeding and the People's announcement of readiness for trial, the defendant's motion to dismiss for deprivation of his statutory right to a speedy trial (CPL 30.30 [1] [a]) must be granted unless the People prove that certain periods of time are excludable *(see, People v Santos,* 68 NY2d 859; *People v Berkowitz,* 50 NY2d 333). A delay in prosecution which is attributable to the defendant's absence is excludable under CPL 30.30 (4) (c). Under that provision of the statute "[a] defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence".

Here eight years elapsed between the filing of the sealed indictment and the defendant's arrest on unrelated charges. We find that the evidence offered by the People is insufficient to prove that the defendant was attempting to avoid apprehension during this period of time *(see, e.g., People v Peterson,* 115 AD2d 497). The evidence offered by the People concerning the efforts by the police department warrant section to locate the defendant falls short of that which would establish due diligence *(see, e.g., People v Hutchenson,* 136 AD2d 737, *lv denied* 71 NY2d 897; *People v Bratton,* 103 AD2d 368, *affd* 65 NY2d 675). The deficiency in the efforts of the police department warrant section was not cured by the later efforts of the Federal Drug Enforcement Administration to locate the defendant, particularly in view of the fact that the warrant officer took no action for a year prior to December 1979 *(see, People v Roy,* 102 AD2d 876). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.