■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MAZYCK, Appellant. [618 NYS2d 406] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered February 18, 1993, as amended by judgment rendered March 9, 1993, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up

for review the denials (Rosato, J.), (1) without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony, and (2) the denial, after a hearing, of the defendant's motion to dismiss the indictment on speedy trial grounds.

Ordered that the judgment, as amended, is reversed on the law, the defendant's motion to dismiss the indictment pursuant to CPL 30.30 is granted, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Where more than six months have elapsed between the commencement of a criminal action and the People's announcement of readiness for trial, a defendant's motion to dismiss the indictment for deprivation of the statutory right to a speedy trial (CPL 30.30 [1] [a]) must be granted unless the People prove that certain periods of time are excludable *(see, People v Santos,* 68 NY2d 859). A delay in prosecution which is attributable to the defendant's absence is excludable under CPL 30.30 (4) (c). Under that provision of the statute, "[a] defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence".

In this case, 23 months elapsed between the filing of the sealed indictment, on February 15, 1990, and the defendant's arrest, on January 26, 1992, on an unrelated charge. While there is evidence that after November 1990 the defendant avoided apprehension, the record fails to indicate that prior to that time the defendant was aware that there was a warrant for his arrest. Therefore, we find that the evidence offered by the People in that regard is insufficient *(see, People v Bolden,* 81 NY2d 146). The evidence offered by the People concerning the efforts by the police department warrant squad to locate the defendant at the time the arrest warrant was issued falls short of that which would establish due diligence *(see, People v Pacheco,* 145 AD2d 511; *see also, People v Taylor,* 139 AD2d 543; *People v Franks,* 134 AD2d 888). Moreover, the deficiency in the warrant squad's efforts during the six-month period after the defendant was indicted, was not cured by their later efforts *(see, People v Pacheco, supra,* at 512).

In light of the foregoing determination we do not reach the defendant's remaining contentions. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.