People v Nes-Rodriguez (2025 NY Slip Op 25235)

[*1]

People v Nes-Rodriguez

2025 NY Slip Op 25235

Decided on October 29, 2025

District Court Of Nassau County, First District

Agazarian, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 29, 2025
District Court of Nassau County, First District

The People of the State of New York,

against
Brandon Nes-Rodriguez, Defendant.

Docket No. CR-016945-24NA

Nicholas Balboni, Esq. (Defense Counsel)
Anne Donnelly, District Attorney of Nassau County 

Jaclene Agazarian, J.

PRELIMINARY STATEMENT
Defendant moves by Notice of Motion seeking an Order dismissing the accusatory instrument pursuant to CPL §170.30(1)(e) and CPL §30.30(1)(b). The People oppose the motion.
The Defendant was arraigned on the sole count of Penal Law §155.25, Petit Larceny, an A misdemeanor, on March 23, 2025. On May 5, 2025, the People were made aware that the Defendant was in the custody of United States Immigration and Customs Enforcement ("ICE"). The People filed a Certificate of Compliance and Certificate of Readiness off calendar on May 30, 2025. The primary issue now before this Court is whether the People's failure to have the Defendant produced from ICE custody after answering ready for trial should result in time chargeable to the People.
The defense argues that the People have exceeded their time to be ready for trial both because Defendant did not consent to any adjournments as of March 26, 2025, and because the People failed to have the Defendant produced in Court after being advised he was in custody. The defense asserts that the People have not shown due diligence in their efforts to obtain Defendant's presence in Court and the Defendant was not attempting to avoid apprehension or prosecution. Defense counsel maintains that absent a showing of due diligence on the part of the People to have the Defendant produced in Court, all time prior to motion practice must be chargeable to them. He argues that 117 days are chargeable to the People, which exceeds their statutory speedy trial time.
In opposition, the People acknowledge that on May 5, 2025, they were made aware by defense counsel that the Defendant was in ICE custody. They argue that they were diligent in their efforts to have him produced in that they began preparing a Writ of Habeas Corpus Ad Prosequendum ("Writ") to have Defendant produced in Court for June 18, 2025. The People do [*2]not dispute that he was not produced on that date. Although the matter was then adjourned until July 23, 2025, for another Writ, the People did not prepare one. They argue that they did not need to prepare a Writ since they had learned that the Defendant was at the Alexandra Staging Facility in Louisiana. Accordingly, the Defendant was not brought to on Court on July 23, 2025, and the instant motion schedule was set. It was not until more than a month later, on August 27, 2025, that the People reached out to ICE to inquire as to the Defendant's location at which time they were advised that he had been removed. The People maintain that they exercised due diligence in securing the Defendant's appearance prior to his removal. The People further argue that they had no obligation to secure the Defendant's appearance in order to declare and maintain readiness for trial.

DISCUSSION
According to CPL §30.30(1)(b), a motion made pursuant to CPL §170.30(1)(e) "must be granted where the people are not ready for trial within ninety days of the commencement of a criminal action wherein," as here, "a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." As the aforementioned charge is a misdemeanor, punishable by imprisonment of more than three months, the People were required to declare readiness within ninety days of the commencement of the action in order to survive dismissal.
The defense asserts that Defendant stopped waiving CPL §30.30 time on March 26, 2025, and that the People did not file their Certificate of Compliance and Certificate of Readiness until May 30, 2025 [FN1]
. The People have not met their burden of demonstrating any excludable time within that period (People v. Berkowitz, 50 NY2d 333 [1980]; People v. Kendzia, 64 NY2d 331 [1985]) and therefore the time is charged to the People. Accordingly, when the People answered ready for trial on May 30, 2025, sixty-five (65) days of speedy trial time had been expended by the People.
The question then becomes whether any post-readiness speedy trial time should be charged to the People when the Defendant, who was in federal custody, was not produced in Court.
Pursuant to CPL §30.30(4)(e), "the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial" is excludable speedy trial time. However, "[i]f any portion of this time period is to be excluded pursuant to CPL 30.30(4)(e), the People must prove that they exercised due diligence to obtain his presence (e.g., People v. Mucciolo, 104 A.D2d 905)" People v. Brown, 114 AD2d 418, 419 (2nd Dept., 1985). 
While the issue here is post-readiness delay, post-readiness time may be chargeable to the People where they fail to produce for trial a defendant in custody (People v. Anderson, 66 NY2d 529 [1985]; People v. Jones, 105 AD2d 179 [2nd Dept., 1984] affd 66 NY2d 529 [1985]; People v. Crosse, 52 Misc 3d 1224(A) [Bronx Crim. Ct., 2016]). "The absence of a defendant [*3]constitutes an obvious impediment to the commencement of trial and, thus, to the People's continued readiness to proceed (citations omitted)" (People v. Daniels, 217 AD2d 448 [1st Dept., 1995]).
There is no dispute that the People were made aware that the Defendant was in ICE custody on May 5, 2025, and that they requested June 18, 2025 to "make it possible for the defendant to be transported to District Court." The People prepared a Writ for the Defendant (under a different alias) to be produced in Nassau County District Court from Varick Street Immigration Court in Goshen, New York for that date.
However, on June 18, 2025, without information from or explanation by the People, the Defendant was not produced. The People now contend that the Defendant was not in New York on June 18, 2025. They do not offer the Court any information regarding their basis to believe that the Defendant was ever housed in Goshen, New York. They offer no information as to when he may have arrived at that facility, if at all, or when he may have been moved to a different location, leaving the Court unable to determine whether the Writ was even directed at the correct location.
Postreadiness delay for speedy trial purposes should be chargeable to the People where they designate an incorrect facility on the face of a writ of habeas corpus to obtain the Defendant's presence at trial (People v. Wojiechowski, 143 AD2d 164 [2nd Dept., 1988]).
Furthermore, there is no affirmative representation by the People that the Writ they prepared was served upon the necessary parties and no facts alleged suggesting there was any follow up with either the holding Facility or the Sheriff's Department regarding the production of the Defendant. Post-readiness delay "will be chargeable when such laxity, even if inadvertent, constitutes a direct impediment to commencement of the trial (citations omitted)" (People v. England, 195 AD2d 751 [3rd Dept., 1993] affd 84 NY2d 1 [1994]).
While the Court appreciates the reality of the obstacles the District Attorney's Office may face in seeking information and cooperation from other agencies, they must nonetheless act with the required diligent and reasonable efforts to secure Defendant's appearance (People v. D.B., 240 AD3d 445 [1st Dept., 2025]). They have not done so here, particularly when it is apparent from their exhibits that they had a direct contact from ICE who responded to each of their email inquiries regarding this Defendant within a matter of minutes.
Under the specific circumstances of this case, upon the record presented, the People have failed to present the Court with a sufficient factual basis to conclude that they were diligent and reasonable in their efforts to secure the Defendant's appearance (see: People v. Jackson, 48 Misc 3d 1202(A) [Bronx Crim. Ct., 2015]; People v. Scott, 242 AD2d 478 [1st Dept., 1997]; c.f. People v. Aguilar, 231 AD3d 454 [1st Dept., 2024] [People's statement of readiness valid where, prior to declaring readiness off-calendar, they secured Defendant's appearance by obtaining a writ of habeas corpus to compel his production from federal custody, served it on the relevant authorities, confirmed with the facility where he was being housed that he would be produced on that date, and defendant was produced on that date]).
As to the adjournment from June 18, 2025, to July 23, 2025, the People concede that they made no effort at all to secure the Defendant's appearance. The People argue that because they were informed that the Defendant was "in staging in another state," they had no obligation to have him produced in Court. The Court finds this argument unpersuasive. Regardless of whether [*4]or not the People's Writ would have been complied with, in order for the People to maintain readiness and to avoid post-readiness time charged to them, an effort must be made to have the Defendant produced from custody (People v. McKenna, 76 NY2d 59 [1990]; People v. Brewer, 63 AD3d 402 [1st Dept., 2009]).
Because the People have failed to demonstrate reasonable efforts to obtain the presence of the Defendant after answering ready for trial, the post-readiness time from May 30, 2025, through July 23, 2025, fifty-four (54) days, must be chargeable to the People. Accordingly, after adding the sixty-five (65) days charged to the People prior to the filing of their Certificate of Compliance and Certificate of Readiness, a total of one hundred and nineteen (119) days is charged to the People which exceeds the statutory speedy trial time.
"[W]hen the People fail for a postreadiness period sufficient when added to the prereadiness elapsed time chargeable to the People to exceed the period specified in CPL §30.30(1) or 30.30(2) to produce for trial a defendant in their custody * * * dismissal is not only permissible but is required if the purpose of the section is to be carried out" (People v. Anderson, 66 NY2d 529 [1985]).
For these reasons, the Defendant's motion is GRANTED to the extent it is
ORDERED, that the within docket is hereby dismissed pursuant to CPL §170.30(1)(e).
This constitutes the decision and order of the Court.
Dated: October 29, 2025
HON. JACLENE AGAZARIAN

Footnotes

Footnote 1:Although the Defendant's motion states May 3, 2025, the People acknowledge their Certificates were actually filed on May 30, 2025, which is consistent with the filing received by the Court.