OPINION OF THE COURT
William D. Friedmann, J.
This decision examines the scope of discovery at a pretrial suppression hearing pursuant to a little-known section of the Criminal Procedure Law, section 240.44. This court, in its research, has not discovered a case comment with respect to this fairly recently enacted provision, effective October 20, 1982.
THE CIRCUMSTANCES
The complainant witness had previously testified before the Grand Jury which indicted defendant. The witness had also testified before another Grand Jury proceeding which had separately indicted another person involved in the same street encounter. Both defendant here, and the other person were charged with acting in concert with one another. Defense counsel, by written motion, sought discovery of the witness’ Grand Jury testimony at both Grand Jury proceedings as well as the witness’ suppression hearing minutes in the collateral case.
*964 THE LAW
Most criminal practitioners, whether on the prosecution or defense side, are of the impression that Rosario (discovery material) must be made available for the first time to defendant upon the commencement of or initial stages of trial (CPL 240.45). This impression ignores the little known and/or seldom used CPL 240.44.
CPL 240.44 requires the reciprocal exchanges of three categories of information during pretrial hearings (People v Rosario, 9 NY2d 286 [1961]), (1) written or recorded statements by a pretrial witness, other than a defendant, which relates to the subject matter of the witness’ testimony, (2) the prior conviction record of a witness, other than defendant, if known by the prosecutor or defendant, and (3) the existence of any pending criminal action against a witness other than the defendant, if known by the prosecutor or defendant (cf. 18 USC § 3500).
Defendant’s request here seems supported by any fair reading of CPL 240.44 (1) which states in total:
"Subject to a protective order, at a pre-trial hearing held in a criminal court at which a witness is called to testify, each party, at the conclusion of the direct examination of each of its witnesses, shall, upon request of the other party, make available to that party to the extent not previously disclosed:
"1. Any written or recorded statement, including any testimony before a grand jury, made by such witness other than the defendant which relates to the subject matter of the witness’s testimony.”
Both the instant proceeding and the collateral indictment involve a common street occurrence involving the same complaining witness and others. Defendant here and the defendant in the collateral action are charged separately with acting in concert with another person. The Appellate Division, Fourth Department, has held in People v Anderson (25 AD2d 602 [1966]) that denial of access to the transcript of testimony of the complainant and other witnesses in proceedings before a second Grand Jury against second person as an alleged participant in the assault was improper and, under the circumstances, substantial error. The case at bar is similar in that respect. To deny defendant access to a witness’ testimony would likewise be improper and erroneous under the circumstances. This court believes that any commonsense interpretation of CPL 240.44 (1) requires that the complainant witness’ *965 testimony before the Grand Jury and at the suppression hearing in the collateral proceeding does relate to the "subject matter of the witness’s testimony” in the instant suppression hearing and should properly be discoverable.
In People v Gissendanner (48 NY2d 543 [1979]) it was argued that the rule articulated in Brady v Maryland (373 US 83 [1963]) under which the defendant is entitled as a matter of due process to any evidence within the possession of the prosecution that can be considered exculpatory and "material either to guilt or to punishment” (Brady v Maryland, 373 US, at p 87) and the right of the defendant to obtain disclosure of prior statements in the case (People v Rosario, 9 NY2d, 286, supra) "is not [to be so broadly construed] as to permit a roving tour through the prosecutor’s files” (48 NY2d, at p 551). This court does not construe the defendant’s request in the instant case as an attempt to ravage the prosecutor’s files, but views the request as a necessary tool for efficient trial preparation; a right duly granted the defendant both constitutionally and by interpretation of CPL 240.44.
In reliance upon the Appellate Division holding in People v Taylor (102 AD2d 944 [1984], affd 65 NY2d 1 [1985]), this court holds that the defendant here is entitled to disclosure of "[a]ny * * * statement * * * which relates to the subject matter of the witness’s testimony.” (CPL 240.44 [1].)
Statutes which codified New York law on pretrial discovery procedures in criminal cases were the product of the Legislature’s intent to expand and liberalize the narrower and more restrictive rules promulgated, on an ad hoc basis, through case law which existed prior to the statutory enactment (CPL 240.10 et seq.; People v McLoughlin, 104 Misc 2d 730).
As Professor Abraham Abramovsky pointed out in his Criminal Law and Procedure article in the New York Law Journal, "Broad discovery is the most useful tool available to defense counsel as he prepares for trial” (NYLJ, Feb. 7, 1984, p 1, col 1, at p 6, col 4). This court is in agreement with Professor Abramovsky when he further states that broad discovery enhances the search for truth and acts to increase the public’s confidence in the criminal justice system.
The court concludes, in the instant case, that the collateral proceeding does relate to the subject matter of the witness’ testimony and that the defendant is entitled to the witness’ prior statements at both Grand Jury proceedings, as well as the witness’ pretrial hearing testimony. The court is also of *966 the view that broad discovery is essential, not only for good trial preparation, but for securing and facilitating a speedy trial.
Upon consent of the District Attorney’s office, the within motion was granted and the desired discovery was ordered.