OPINION OF THE COURT
Martin Schoenfeld, J.
Defendant, James Langhorn, was arrested on April 2, 1988. On April 4 he was arraigned and charged with violations under section 1192 (1) and (3) of the Vehicle and Traffic Law. *613 (Driving while impaired by the consumption of alcohol and driving while intoxicated.) As a result of an omnibus motion filed on June 7 a pretrial suppression hearing was scheduled for August 18. The hearing was eventually rescheduled for September 6 and again for October 4 when the case came before me in AP 17.
On the last adjourned date an issue arose as to whether the People could effectively assert trial readiness, thereby tolling speedy trial time under CPL 30.30, when they were not in possession of Rosario material which they would be required to turn over to the defendant at the scheduled hearing pursuant to CPL 240.44. The defendant objected to tolling the statutory time clock and proceeding with the pretrial Huntley-Refusal hearing on the ground that the People could not establish a present state of readiness. (People v Kendzia, 64 NY2d 331 [1985].) Defendant’s objection is based on the People’s admission to the court that as a result of backlogs at the stenographer’s office they had not yet received transcripts of a license revocation hearing held at the Department of Motor Vehicles at which the arresting officer testified. Both parties will acknowledge that as long as the People intend to call the arresting police officer as a witness at the hearing and / or the trial, they are obliged to make this transcript available to the defendant pursuant to CPL 240.44 and 240.45.
Initially it should be pointed out that CPL 30.30 is a trial readiness rule only. It does not guarantee that the case will actually go to trial within the applicable period, here 90 days (CPL 30.30 [1] [b]), but only that the People would be prepared to do so if directed by the court. (People v Brothers, 50 NY2d 413 [1980].) Once trial readiness is established within the statutory period time ceases to run even though subsequent delays may occur. (People v Brothers, supra.) Only in the event that a future delay is directly attributable to the People will the additional time be charged to them. Defendant’s argument rests on the assumption that had it been a trial scheduled for October 4 instead of a suppression hearing, the People would still not have been able to proceed. This is because CPL 240.45 governing discovery at the trial stage of litigation imposes the same disclosure obligations as CPL 240.44 governing disclosure at preliminary hearings. In either case, they argue, the People, without this Rosario material, could not proceed and therefore should not have been able to effectively assert readiness for trial.
Research has not led to any cases where the court has been *614 put to the task of determining the proper sanctions, if any, to be imposed on a party who fails to make timely disclosure at a preliminary hearing. (CPL 240.44.) The only case specifically directed at this section of the CPL does no more than restate the obligations imposed under it. (See, People v Gross, 130 Misc 2d 963 [Sup Ct, Queens County 1986].) Nonetheless due to the similarities between discovery rules at the preliminary hearing stage and trial stage of litigation as well as a common purpose of promoting fairness and a realistic opportunity for defendants to learn the truth (see, People v Malinsky, 15 NY2d 86 [1965]), I see no reason to distinguish this case from those where the delay occurs at the later stage of trial or to hold inapplicable to pretrial delays sanctions authorized under CPL 240.70 for trial delays. Accordingly, the case law which has evolved in response to the problem of delays at the trial stage should apply with equal force to the same delays experienced at pretrial hearings.
Upon careful analysis of each party’s position as well as the applicable statutory and case law I find that the People effectively communicated readiness for trial on September 7 when they served and filed a certificate of readiness and that the statutory time clock under CPL 30.30 was tolled at that time. My reasoning is twofold. First, at the time the People announced readiness for trial they had done all that they were required to do. (See, People v Colon, 110 Misc 2d 917, affd 59 NY2d 921 [1983].) Their duty to disclose the Rosario material to defendant had not yet ripened under either section of the CPL. With respect to preliminary hearings the People cannot be compelled to turn over Rosario material until direct examination of the witness has been completed. (CPL 240.44.) In the case of a nonjury trial disclosure can occur up until the submission of evidence and in a jury trial any time prior to opening statements. (CPL 240.45.) Accordingly, the People should not be penalized for failures which though predicted had not yet occurred. (See, People v Anderson, 66 NY2d 529, 542 [1985].) Second, this section of the CPL specifically contemplates and provides for the situation when a party finds itself unable to comply with the various time constraints imposed. To wit, CPL 240.70 (1) lists numerous sanctions which the court might properly impose on a disobedient party short of dismissal. These include ordering disclosure, issuing a protective order, granting a continuance, precluding the introduction of evidence, prohibiting a witness *615 from taking the stand or any other viable alternatives. (See, People v Keppler, 92 AD2d 1032 [3d Dept 1983] [where a witness was permitted to be recalled for further cross-examination by the defendant].) Only in the most egregious cases, if at all, should the court find that a delay of this nature warrants dismissal of the action. (See, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 240.70, at 418; People v Anderson, supra.) Thus, dismissal for speedy trial failure under CPL 30.30 was appropriate when after several adjournments to obtain Rosario material it was learned that the People had never ordered it from the stenographer. (People v Collado, 125 AD2d 584 [2d Dept 1986].)
Finally this case does not fall within that line of decisions attributing postreadiness delay in obtaining Grand Jury minutes to the People for speedy trial purposes. In deciding to recommence the statutory time clock for these delays the courts rationalize that Grand Jury stenographers are employed by the District Attorney’s office, are effectively under their control and in essence have become an arm of that office. Accordingly, any failure on the part of the stenographer is deemed a failure by the District Attorney’s office. (People v Pardner, 90 AD2d 987 [4th Dept 1982].) Here, unlike Grand Jury minutes, the transcript of this motor vehicle hearing was equally accessible to the defendant.
Having found that the People’s statement of readiness on September 7 was effective I will now determine whether any speedy trial violations have occurred. This action was commenced on April 4 when the accusatory instrument was filed. (CPL 1.20 [17].) Accordingly, the People had 90 days from April 4 plus any excludable time to communicate readiness for trial. (People v Lomax, 50 NY2d 351 [1980].) Prior to September 7, 51 chargeable days had passed. The delays not subject to computation occurred on April 25, May 25, June 21, and a portion of the delay after July 12 when defense motions were filed and a preliminary suppression hearing ordered. (CPL 30.30 [4] [a]; People v Richberg, 125 Misc 2d 975 [Crim Ct, NY County 1984].) The remaining delays are chargeable to the People on account of their failure to be ready for trial as well as the absence of any recorded declaration of readiness prior to September 7. (People v Kendzia, supra.) Of course the time spent by this court in resolving this issue is excludable. (CPL 30.30 [4] [a].)
*616 For the foregoing reasons defendant’s request that this court reject the People’s statement of readiness on September 7 and permit speedy trial time to continue to run is denied. The parties are accordingly directed to proceed with the ordered hearing forthwith.