■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE WALKER, Appellant.—Order, Supreme Court New York County (Harold J. Rothwax, J.), entered on or about November 16, 1983, which denied defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial, is modified, on the law, and the matter remanded for a hearing on such motion. Defendant's appeal from a judgment of the Supreme Court, New York County (Harold Baer, Jr., J.), rendered March 23, 1984, convicting him, after a jury trial, of robbery in the second degree and bail jumping in the second degree, is held in abeyance pending a report from Criminal Term upon the outcome of such hearing.

The indictment against defendant was filed on July 1, 1982 and defendant was arraigned thereon on July 20. Successive adjournments ensued on August 4 and September 9, 1982. Prior to the second adjourned date defendant was released on bail. He failed to appear before the court on September 9 and

a bench warrant was duly issued for his arrest. With defendant *in absentia,* the case remained dormant for a year until September 14, 1983, when he was arrested on other charges and was involuntarily returned on the bench warrant before the court on October 24, 1983. Ten days later on November 3, defendant filed his motion to dismiss for failure of the People to provide a speedy trial pursuant to CPL 30.30.

Proper disposition of defendant's motion is controlled by CPL 30.30 (4) prior to its amendment effective August 1, 1984. Prior to that date the cited section provided:

"In computing the time within which the people must be ready for trial * * * the following periods must be excluded * * *

"(c) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence". It may be noted that the legislative amendment of August 1, 1984 would have relieved the People of showing due diligence whenever, as here, a bench warrant has issued after defendant has failed to appear in court following his posting of bail. This 1984 amendment, however, is of no avail to the People on this motion because its application is barred by ex post facto considerations *(People v Sturgis,* 38 NY2d 625; *People v Bratton,* 103 AD2d 368).

It was error to preclude, without a hearing, the issue of whether the People exercised due diligence in procuring the presence of this defendant for trial. In support of his motion, defendant asserted that during his absence from court he resided at all times at two specified addresses in The Bronx and in Brooklyn; that for a period six months prior to his arrest he worked at the same place of business on West 42nd Street in Manhattan; that he lived and worked at these addresses in an open and notorious manner; and, that he received his salary by check and paid all government taxes. Thus, a hearing must be had to resolve the issue of whether defendant's absence or unavailability was attributable to the People's lack of diligence. Concur—Sandler, J. P., Ross, Asch, Ellerin and Wallach, JJ.