■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BENNY COLLADO and FRANCISCO COLLADO, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County (Glass, J.), dated August 10, 1984, which granted the defendants' respective motions to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Criminal Term granted the defendants' respective motions to dismiss the indictment on speedy trial grounds, on the basis that there were not sufficient excludable time periods for the People to come within the six-month rule of CPL 30.30 (1) (a). In reaching this conclusion, the court charged the People with the time period from April 7, 1983, the date when the original proceedings were dismissed, to July 25, 1983, the date when the defendants were reindicted for the same crime, a total of 109 days (see, People v Osgood, 52 NY2d 37). The People contend that the court incorrectly charged this time period to them.

The defendants were charged with criminal possession of stolen property in the first degree. They submitted certain documentation to the People that tended to substantiate their allegation that they had lawful possession of the property in question. In view of the purported exculpatory evidence, the People dismissed the charges. However, following an investigation into the matter, the People contended that the documentation was fraudulent. The defendants vigorously deny the

People's allegations. Therefore, there is a disputed factual issue raised by the motion papers as to whether the defendants committed fraud. If, on remittitur, the court finds that the defendants engaged in fraud to induce the People to dismiss the criminal charges pending against them, the People should not be charged with the time necessary to conduct an investigation into the matter (see, CPL 30.30 [4] [a], [g]). Accordingly, the matter must be remitted to Supreme Court, Queens County, for a hearing to determine the factual issues presented on the speedy trial motions (see, CPL 210.45 [6]; *People v Gruden,* 42 NY2d 214).

Additionally, we note that, as to the defendant Francisco Collado, Criminal Term properly charged the People, as to the defendant Francisco Collado, with the periods from: (1) January 5, 1984, to January 31, 1984 (26 days) and (2) April 3, 1984, to June 27, 1984 (85 days), for a total of 111 days. These periods represented an unreasonable delay occasioned by the People's failure to order and obtain necessary transcripts (cf. *People v Saunders,* 84 Misc 2d 467; *People v Richberg,* 125 Misc 2d 975). However, this same period should also have been charged to the People as to the defendant Benny Collado, despite his trial counsel's apparent concession that the aforenoted time periods constituted excludable time within the purview of CPL 30.30 (4) (a). Lastly, we find that the court erred in charging the People with the time period from August 25, 1983, to September 14, 1983 (20 days). The People are not chargeable with a delay occasioned by the court's failure to arraign the defendant Benny Collado when he appeared without counsel (see, *People v Smith,* 97 AD2d 485; cf. CPL 30.30 [4] [f]). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.