■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NEAL E. OKUN, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Ellison, J.), entered April 24, 1987 in Tompkins County, which granted defendant's motion to suppress evidence.

After confirming their suspicions (through the use of an eavesdropping warrant) that defendant was dealing in marihuana, the State Police obtained a warrant on July 31, 1986 authorizing the search of defendant's home in Tompkins County. Upon defendant's return from New York City on August 3, 1986, the police entered defendant's house and conducted a search without having the warrant in their possession. When defendant demanded to see the warrant, the police replied that it was en route from Binghamton. The warrant arrived about one hour later. During the search, large quantities of marihuana and drug paraphernalia were found and seized. A subsequent indictment was dismissed on defendant's motion for failure to properly conduct Grand Jury proceedings; on December 17, 1986, however, defendant was reindicted in a superseding indictment charging the crime of criminal possession of marihuana in the first degree. Following oral argument on defendant's omnibus motion, Supreme Court suppressed the evidence seized from defendant's house. This appeal ensued.

Supreme Court's order was granted on the ground that the search warrant had been executed improperly. The People contend that defendant did not include this ground in his motion papers but raised it for the first time upon oral argument. CPL 710.60 (1) requires the written submission of suppression motions, including the grounds for the motion.

Oral suppression motions are usually made only during trial (CPL 710.60 [5]). In *People v Havelka* (45 NY2d 636, 643), the Court of Appeals held that the People should not be deprived of "one full opportunity" to present evidence supportive of the dispositive issues involved at a suppression hearing. However, in *People v Payton* (51 NY2d 169, 177) the Court of Appeals stated that "if the People had a full opportunity to present their case at the original hearing, and failed through their own neglect, they are not entitled to try again when the defect is discovered on appeal".

Here, although defendant's motion papers did not specify the alleged defective execution of the warrant as a ground for suppression, the prosecution was well aware that defendant would raise the issue and, in fact, submitted an affidavit previously sworn to December 2, 1986 responding to this very issue. Moreover, a defendant should be permitted to raise an additional issue at oral argument on a suppression motion *(see, People v Tutt,* 38 NY2d 1011, 1012-1013; *People v Jones,* 81 AD2d 22, 44, n 10). Since the motion was returnable two months later on February 13, 1987, it is obvious that the People had their "one full opportunity" to prove the admissibility of the evidence sought to be suppressed *(see, People v Payton, supra,* at 177; *People v Havelka, supra,* at 643). The People failed to raise objection to this contention at the suppression hearing or to demand an opportunity to present opposing evidence, either then or at another hearing. They should not now be heard to complain.

Nor was it error to find that the search warrant had indeed been improperly executed. The People's reliance upon *People v Mahoney* (58 NY2d 475) is misplaced, that case being readily distinguishable. There, unlike the case at bar, the police entered the premises but did not search or seize the contraband described until the search warrant arrived approximately five minutes after the entry. The Court of Appeals further noted that "[b]ecause defendant does not claim that he requested to see the search warrant, we express no opinion as to the effect of such a request under the facts of this case" *(supra,* at 480, n 1). The instant case closely parallels *People v Carson* (99 AD2d 664), where an entry was made with knowledge that a search warrant was en route. The Fourth Department held that: "The entry may have been proper * * * but the search which was conducted * * * before the warrant arrived cannot be justified. * * * [T]he search * * * was tantamount to a warrantless search. There is no reason why the searching officers could not have waited a short time until

the warrant arrived" *(supra,* at 665). In this case, therefore, suppression of the marihuana seized was proper.

We further find no error in Supreme Court's refusal to apply the "inevitable discovery" exception to the exclusionary rule *(see, People v Fitzpatrick,* 32 NY2d 499, 506, *cert denied* 414 US 1033, 1050; *see also, Nix v Williams,* 467 US 431). That exception provides that, if it can be shown by a very high degree of probability that the evidence sought to be suppressed would inevitably have been discovered irrespective of the initial wrong, suppression will be denied *(People v Stith,* 69 NY2d 313, 318). The rule essentially provides that evidence which is not illegally obtained during or as the immediate consequence of the challenged police conduct will not be suppressed. Evidence obtained indirectly as the result of information gained from the primary evidence is admissible. However, the rule has never been applied where, as here, the evidence sought to be suppressed is the very evidence obtained in the illegal search *(supra)*.

Finally, we find no fault in the refusal of Supreme Court to apply the independent source doctrine which states that only evidence acquired through exploitation of illegal police conduct should be suppressed *(People v Arnau,* 58 NY2d 27, 32; *see, Wong Sun v United States,* 371 US 471, 488). Here, there was a direct connection between the illegal entry and subsequent search and seizure of evidence. Unlike the *Arnau* situation, the police here did not enter defendant's home to secure the premises and contents. They entered to search and seize without a search warrant in hand and Supreme Court correctly ordered suppression of the evidence seized.

Order affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.