■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRYANT, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Aldrich, J.), rendered October 5, 1981, convicting him of escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the County Court, Dutchess County, to hear and report on the defendant's speedy trial motion, and the appeal is held in abeyance in the interim. The County Court is to file its report with all convenient speed.

On February 4, 1980, after a jury trial, the defendant was found guilty of charges arising from his having escaped from Green Haven Correctional Facility. He was not, however, sentenced thereon until October 1981. Appellate counsel received typewritten transcripts of the trial and sentencing proceedings on or about September 3, 1982. He did not, however, seek to enlarge the judgment role to include the minutes of the speedy trial hearing and jury voir dire until late 1984. Unfortunately, by that time the court stenographer had, despite the pendency of this appeal, destroyed the transcripts pursuant to Judiciary Law § 297. Initially, although the destruction of these transcripts is not to be condoned, we find unpersuasive the defendant's claim that he has thereby been deprived of his right to appeal *(see, People v Smalls,* 116 AD2d 675, *lv denied* 67 NY2d 890). However, absent those minutes the record before us is inadequate for us to determine whether the defendant's right to a speedy trial was violated *(see,* CPL 30.30). The decision of the trial court denying the defendant's motion seeking dismissal of the indictment pursuant to CPL 30.30 reveals that the court improperly credited the defendant with a period of delay attributable to the People and failed to adequately address the facts underlying a second period of delay, a portion of which may have been improperly

charged to the People. In particular, the trial court errone-ously concluded that because the defendant successfully moved to have the initial indictment dismissed on the ground of the insufficiency of the evidence presented to the Grand Jury, the delay occasioned by the defendant's reindictment was to be attributed to the defendant. The six-month time limit began to run with the filing of the first accusatory instrument herein, notwithstanding its subsequent dismissal, and was not tolled by the filing of a superseding indictment *(see, People v Osgood,* 52 NY2d 37; *People v Pappas,* 128 AD2d 556, 558; *People v Brown,* 113 AD2d 812, *lv denied* 67 NY2d 649; *see also,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 1.20, at 27).

We further note that if, as the record suggests, the People exercised due diligence to obtain the defendant's presence by utilizing the available statutory procedure for securing his attendance *(see,* CPL 560.10), then any portion of delay attributable to the defendant's continued confinement in an institution located in another county within the State is to be excluded pursuant to CPL 30.30 (4) (e) *(see, People v Billups,* 105 AD2d 795, 796; *People v Melendez,* 92 AD2d 904). In particular, the People must establish that the writ demanding the defendant's release from prison was properly served, the time of such service, and the reasons for its rejection.

Accordingly, we remit this matter for a de novo hearing on the defendant's speedy trial motion which will provide an adequate record for appellate review. We pass on no other issue at this time. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.