■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GURINO and ARC PLUMBING & HEATING CORPORATION, Appellants.—Appeals by the defendants from 2 judgments (1 as to each of them) of the Supreme Court, Kings County (Egitto, J.), both rendered March 19, 1987, convicting the defendant Anthony Gurino of offering a false instrument for filing in the second degree and convicting the defendant Arc Plumbing & Heating Corporation of offering a false instrument for filing in the first degree, upon jury verdicts, and imposing sentences.

Ordered that the judgment as against the defendant Anthony Gurino is reversed, on the law and the facts, the indictment is dismissed as against the defendant Gurino, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the judgment as against the defendant Arc Plumbing & Heating Corporation is affirmed.

On June 4, 1985, the defendant Anthony Gurino, the president and sole shareholder of the defendant Arc Plumbing & Heating Corporation (hereinafter Arc) was indicted by a Federal Grand Jury in the Eastern District of New York and charged with two counts of obstruction of justice. On July 19, 1985, an employee of Arc submitted a prequalification questionnaire to the New York City Board of Education for the purpose of maintaining the corporation's eligibility to receive public construction contracts. Question 13 of the questionnaire read as follows: "Are any actions or proceeding pending in this State or in any jurisdictions against your present organization, against any of the partners, if a partnership, or against any of the officers or principals, if a corporation? If so, state the details".

The questionnaire received by the Board answered the question in the negative.

Consequently, the defendants were charged with offering a false instrument for filing in the first degree. After a jury verdict, the corporate defendant was found guilty of this charge and Gurino was found guilty of offering a false instrument for filing in the second degree.

We find that the evidence at trial was legally and factually insufficient to prove beyond a reasonable doubt that Gurino had specific knowledge of the completion and filing of the challenged questionnaire. Since the judgment of conviction as against Gurino is reversed and the indictment dismissed as to him, we need not reach the other issues raised by him.

However, we do find that the jury could properly conclude that the activities of the corporate employee, who completed the questionnaire and filed it with the Board of Education, were chargeable to the corporate defendant.

The other contentions raised by the corporate defendant are either without merit or unpreserved for appellate review. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.