■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK BRYANT, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EUGENE HURKIN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCIS JAMES, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLIFFORD HOLMES, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CLINTON GREEN, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID WEINBAUM, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANN MILLER, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WOODROW GIST, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NORMA SOLOMON, Respondent.—Appeal by the People from (1) an order of the Supreme Court, Kings County (Moskowitz, J.), dated December 9, 1986, which dismissed indictment No. 2002/86 against the defendant Frank Bryant pursuant to CPL 30.30 (1) (a), (2) an order of the same court, also dated December 9, 1986, which dismissed indictment No. 2543/86 against the defendant Eugene Hurkin on the same ground, (3) an order of the same court, also dated December 9, 1986, which dismissed indictment No. 2550/86 against the defendant Francis James on the same ground, (4) an order of the same court, also dated December 9, 1986, which dismissed

indictment No. 2552/86 against the defendant Clifford Holmes on the same ground, (5) an order of the same court, dated January 12, 1987, which dismissed indictment No. 2553/86 against the defendant Clinton Green on the same ground, (6) an order of the same court, dated December 9, 1986, which dismissed indictment No. 2555/86 against the defendant David Weinbaum on the same ground, (7) an order of the same court, dated December 9, 1986, which dismissed indictment No. 2555/86 against the defendant Ann Miller on the same ground, (8) an order of the same court, dated December 9, 1986, which dismissed indictment No. 2557/86 against the defendant Woodrow Gist on the same ground, and (9) an order of the same court, dated December 9, 1986, which dismissed indictment No. 2558/86 against the defendant Norma Solomon on the same ground.

Ordered that the order dated December 9, 1986, which dismissed indictment No. 2558/86 against the defendant Norma Solomon is modified by deleting therefrom the provision dismissing the third count of the indictment; as so modified, the order is affirmed; and it is further,

Ordered that the orders dated December 9, 1986, dismissing indictments Nos. 2002/86, 2543/86, 2550/86, 2552/86, 2555/86, 2557/86 and 2558/86, respectively, and the order, dated January 12, 1987, are affirmed.

The defendants, who are the respondents on appeal, all allegedly participated in a bribery scheme operating, *inter alia,* during the summer and fall of 1983 in the Landlord and Tenant Part of the New York City Civil Court in Kings County. Hazel Austin, formerly a court clerk, was also a participant in this scheme, the object of which was the expeditious processing of otherwise valid eviction warrant applications. Sometime prior to the summer of 1983, however, investigators from the New York City Department of Investigation confronted Hazel Austin with evidence of her complicity in the scheme. Rather than face potential prosecution herself, she agreed to cooperate with investigators by continuing to accept payments while wearing a hidden tape recorder.

Having been granted immunity from prosecution, Austin appeared before the Grand Jury beginning in September of 1985, offering testimony regarding alleged bribes and unlawful gratuities given and/or received by the various defendants in the summer and fall of 1983. Although the prosecution was in possession of tape recordings of the various transactions, the People presented only uncorroborated testimony of their informant, who undeniably had been an accomplice whose testi-

mony needed corroboration *(see,* CPL 60.22; *People v Cilento,* 2 NY2d 55; *People v Cona,* 60 AD2d 318, *mod* 49 NY2d 26). Because this evidence was presented without corroboration the first indictments against these defendants were dismissed on the ground that the evidence presented to the Grand Jury was not legally sufficient.

The orders dismissing the first set of indictments, all dated February 25, 1986, granted the People leave to re-present these cases within 45 days before a second Grand Jury. Rather than appealing the court's orders the People opted to re-present these cases before a second Grand Jury. After obtaining an ex parte order extending the time for resubmission of these cases the People re-presented the testimony of the informant, this time corroborated by tape recordings of the alleged bribes as well as by other evidence. On May 14, 1986, indictments were again filed against these defendants, charging them, *inter alia* with various acts of bribery in the second degree (Penal Law former § 200.00), bribe receiving in the second degree (Penal Law former § 200.10; both crimes redesignated as third degree offenses, L 1986, ch 833, § 2) and giving and/or receiving unlawful gratuities (Penal Law §§ 200.30, 200.35). The defendants moved to dismiss these indictments as well, alleging, *inter alia,* that they had been deprived of their right to a speedy trial (CPL 30.30 [1] [a]). The defendants also challenged the sufficiency of the evidence presented before the second Grand Jury, arguing that it failed to establish the crimes of bribery in the second degree.

Contrary to the defendants' contentions, the court was incorrect to hold the evidence legally insufficient as to the two bribery crimes concerning all of the defendants save one. The evidence proffered before the second Grand Jury established that eight of these defendants had reached an agreement with Hazel Austin pursuant to which she processed their warrant applications out of the order in which they were received, thereby conferring upon them preferential treatment in exchange for their payments. Clearly this evidence established that these defendants agreed to confer benefits upon a public servant upon an agreement pursuant to which that public servant's actions were influenced *(see,* Penal Law former § 200.00; *People v Charles,* 61 NY2d 321; *People v Hendy,* 64 AD2d 407; *People v Mitchell,* 40 AD2d 117). Similarly, as to the defendants Bryant, Holmes and Miller, the evidence presented before the second Grand Jury, viewed in a light most favorable to the People *(see, People v Warner-Lambert Co.,* 51 NY2d 295, 299, *cert denied* 450 US 1031) did establish every

element of the crime of bribe receiving in the second degree (Penal Law former § 200.10) and the identity of these defendants as perpetrators thereof (see, People v Jennings, 69 NY2d 103, 115).

The evidence was not legally sufficient, however, to establish the defendant Norma Solomon's guilt of bribery in the second degree (Penal Law former § 200.00). This defendant was the secretary to the defendant Gist, a City Marshal who was charged, inter alia, with three counts of bribery in the second degree. Solomon was charged with only one count of bribery in the second degree stemming from a transaction occurring on October 13, 1983. The evidence before the second Grand Jury concerning this defendant's actions on that date, however, merely established that she handed an envelope containing approximately $120 to the informant on behalf of her employer, City Marshal Gist. Although the evidence established that Solomon was aware that the envelope contained money, the People did not establish that this defendant was aware of the purpose for the payment or that she shared her employer's intent to pay a bribe (see, People v Wheatman, 31 NY2d 12). Thus, as to this defendant, albeit for different reasons, the court was correct to hold the evidence legally insufficient.

Moreover, we find that as to all the defendants except Norma Solomon, the court was correct to dismiss the indictments on speedy trial grounds because of prosecutorial delay. Except for Solomon, who first appeared in court on an appearance ticket on July 24, 1985, the defendants were all arraigned on felony complaints dated May 29, 1985, at which time these prosecutions commenced (CPL 30.30 [1] [a]; 1.20 [16], [17]). From this date the People had six months or 184 calendar days in which to announce their readiness for trial (see, People v Garfinkel, 112 AD2d 949; People v Smith, 97 AD2d 485). They did not do so until December 18, 1985, 203 days after these actions were commenced.

As to the defendants Bryant, Hurkin, James, Holmes and Miller, the People concede that they are chargeable with 135 days of prereadiness delay. As to the defendants Green and Gist the People concede 121 days of delay. However, in addition to these periods conceded, the People were correctly charged with 78 days of postreadiness delay for the period between the dismissals of the first set of indictments on February 25, 1986, until the filing of the second set of indictments on May 14, 1986 (see, People v Bryant, 139 AD2d 750; People v Pappas, 128 AD2d 556). Clearly this 78-day period

must be charged to the People since during this period there were no indictments pending against these defendants and as such the People were not ready to proceed *(see, People v Traficante,* 143 AD2d 443). Accordingly, as to the defendants Bryant, Hurkin, James, Holmes, Miller, Green and Gist, the People were properly charged with a delay of more than six months and thus the court was correct to dismiss the second set of indictments as against these defendants *(see,* CPL 30.30 [1] [a]; 210.20 [1] [g]).

As to the defendant David Weinbaum, the People concede only 42 days of prereadiness delay. However, as to this defendant the People failed to raise before the Supreme Court the contention they advance for the first time on appeal, i.e., that 93 days were excludable as the result of adjournments either requested or consented to by the defense. Having failed to raise this factual dispute before the Supreme Court, this defendant's motion to dismiss the second indictment against him was properly granted on the papers *(see, People v Gruden,* 42 NY2d 214; *People v Alston,* 126 AD2d 731), and the People's current challenges to the 93 days of prereadiness delay are not properly before this court *(see, People v Payton,* 51 NY2d 169, 177; *People v Okun,* 135 AD2d 1064). Accordingly, as to this defendant as well, 135 days of prereadiness delay are properly charged to the People. When added to the 78 days of delay chargeable to the People between dismissal of the first set of indictments and the filing of the second set of indictments, in excess of 184 days elapsed which must be charged to the People. Thus the court was correct to grant the defendant Weinbaum's motion.

As conceded by the defendant Solomon on the instant appeal, she was not denied her right to a speedy trial. However, as previously indicated, the evidence against this defendant was not legally sufficient to support the lone bribery charge against her. Moreover, of the two counts charging this defendant with giving unlawful gratuities (Penal Law § 200.30), prosecution on the count stemming from the transaction occurring on July 22, 1983 was correctly dismissed as time barred since as to this defendant the prosecution did not commence within two years after the commission of this crime (CPL 30.10 [2] [c]). Accordingly, as conceded by this defendant, only the third count of indictment No. 2558/86 must be reinstated. Rubin, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.