■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HUDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered December 12, 1988, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (g); 30.20 and 30.30 on the ground of denial of his right to a speedy trial, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

We agree with the defendant that it was error to deny his motion to dismiss the indictment without a hearing. Once the defendant has shown the existence of a delay greater than six months, the burden of proving that certain periods within that time should be excluded falls upon the People *(see, People v Berkowitz,* 50 NY2d 333).

The trial court found that 68 days were conclusively chargeable to the People and another 94 days could not be conclusively determined to be either excludable or chargeable to the People absent a hearing. This total time period amounts to 162 days. The trial court properly found that the time period

from the filing of the indictment to the time the arraignment was scheduled, September 29 to October 21, 1987, was not chargeable to the People *(People v Lopez,* 149 AD2d 735; *People v Baker,* 131 AD2d 491; *People v Gaggi,* 104 AD2d 422), and the delay occasioned by the court's failure to arraign the defendant when he appeared without counsel, October 21 to November 13, 1987, was not chargeable to the People (CPL 30.30 [4] [f]; *People v Collado,* 125 AD2d 584). However, the period from November 13 to November 30, 1987 (17 days), when the case was adjourned to the trial part and the District Attorney was not ready, should have been charged to the People *(People v Brothers,* 50 NY2d 413, 417-418). Thus, the total time conclusively chargeable to the People should have been 85 days.

As for the remaining periods of adjournment at issue on this appeal (27 days), the trial court erred in finding that they were conclusively chargeable to the defendant without a hearing *(see, People v Berkowitz, supra).* When these 27 days are added to the 85 days which are conclusively chargeable to the People and the 94 days which the trial court could not conclusively determine absent a hearing, such total time period amounts to 206 days, more than the six months which must be found chargeable to the People in order to dismiss the indictment. Therefore, since the defendant alleged the existence of a delay greater than six months and the People did not provide conclusive proof of sufficient excludable periods, the court erred in denying the motion to dismiss without a full hearing *(see, People v Berkowitz, supra).*

We pass upon no other issues at this time. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.