■ The People of the State of New York, Appellant, v

EDWIN CORTES, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Slavin, J.), dated November 9, 1989, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is affirmed.

The People contend that the Supreme Court erroneously dismissed the indictment in this case because the time properly chargeable to them was within the permitted six calendar months, which herein totalled 183 days. We disagree.

The People concede that the time between the filing of the felony complaint and the first indictment, a total of 22 days, is chargeable to them. We find that the 11 days between the first indictment and the arraignment held on July 21, 1987, as well as the 51 days between the filing of the second indictment on January 17, 1989, and the defendant's arraignment on March 9, 1989, are chargeable to the People (see, People v Correa, 77 NY2d 930). We reject the People's contention that they were ready for trial on January 20, 1989. They could not proceed to trial until the defendant had been arraigned on the indictment. Moreover, since the defendant was incarcerated, and therefore, was within the People's control and was not produced by them on January 20th, their assertion that they were ready for trial on that date is without merit (cf., People v Bryant, 153 AD2d 636).

Moreover, we find that the period from July 26, 1988, through October 19, 1988, a total of 85 days, wherein the defendant was without counsel, was attributable to the fault of the court, and therefore, chargeable to the People (see, People v Greene, 134 AD2d 612).

Contrary to the People's contention, the 90 days between the dismissal of the original indictment and the presentation of the second indictment to the Grand Jury is chargeable to them. Although the original indictment was dismissed pursuant to the decision of this court in People v Cade (140 AD2d 99), which was later overturned on appeal (see, People v Cade, 74 NY2d 410), the Supreme Court properly dismissed the indictment at that time. We decline the People's invitation to hold that a dismissal under these circumstances constitutes an exceptional circumstance which would be excludable pursuant to CPL 30.30 (4) (g). Nor are we persuaded that this time period should be excluded under CPL 30.30 (4) (a) because the People would have prevailed had they filed an appeal. Since the People chose not to appeal, but rather to re-present the matter to the Grand Jury, they cannot now be heard to complain that the time should be excluded.

In any event, we note that even if we were to find that the delay between the dismissal of the original indictment and the presentation of the second indictment to the Grand Jury was excludable, the 90 days which it took the People to do so was unreasonable given the circumstances of this case. Accordingly, a portion of that time would be chargeable to the People which, in any event, would render the total time chargeable to them in excess of the permitted six calendar months.

Furthermore, on August 1, 1989, the Supreme Court adjourned the matter *sua sponte* without a request by or with the consent of defendant's counsel. Accordingly, the period of 44 days between August 1, 1989, and September 14, 1989, the adjourned date, is also chargeable to the People *(see, People v Meierdiercks,* 68 NY2d 613). Mangano, P. J., Lawrence, Eiber and Balletta, JJ., concur.