THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BOLDEN, Appellant.

Second Department, January 21, 1992

APPEARANCES OF COUNSEL

*Martin Geoffrey Goldberg* for appellant.

*Charles J. Hynes, District Attorney (Jay M. Cohen, Richard T. Faughnan* and *Lindsay Brown* of counsel), for respondent.

OPINION OF THE COURT

THOMPSON, J. P.

The People are not obligated to prove that they have exercised "due diligence" in attempting to locate a defendant for whom a bench warrant has been issued *(see, People v Garrett,* 171 AD2d 153; CPL 30.30 [4] [c])*. Today, we hold that the People need only demonstrate that a bench warrant has been issued in order to exclude delays attributable to a defendant's failure to appear after the issuance of the warrant. Since, at bar, the People established that a warrant had been issued as a consequence of the defendant's failure to appear in court, the Supreme Court properly concluded that the ensuing delays were excludable pursuant to CPL 30.30 (4) (c).

## I

The record reveals that on September 17, 1987, at the corner of Atlantic and Bedford Avenues in Brooklyn, the defendant Samuel Bolden approached the complainant, Aaron Turner, and requested a quarter. When Turner stated that he did not have a quarter, the defendant punched Turner, produced a large, "Bowie type" knife and demanded his money. After Turner gave the defendant two dollars, the defendant ordered Turner to leave. Turner walked a couple of blocks and flagged down a police car. The police officers drove Turner back to where he had been robbed and Turner was able to identify the defendant, who was still on the street. The police placed the defendant under arrest and upon searching him, recovered a large, black-handled hunting knife.

## II

On September 19, 1987, two days after his arrest the defendant was arraigned on a felony complaint in Criminal Court. On September 22, 1987, he was released on his own recogni-

zance and the matter was adjourned to November 4, 1987. On or about November 4, 1987, an indictment was issued charging the defendant, *inter alia,* with robbery in the first degree. The defendant's arraignment on the indictment was scheduled for November 24, 1987. The defendant failed to appear and on December 7, 1987, a bench warrant was issued. The defendant was returned on the warrant 143 days later on April 28, 1988. After a jury trial, the defendant was convicted of attempted robbery in the first degree and criminal possession of a weapon in the fourth degree.

## III

Prior to trial, the defendant moved to dismiss the indictment on "speedy trial" grounds (CPL 30.30) arguing, *inter alia,* that pursuant to CPL 30.30 (4) (c) the People were obligated to establish that they exercised "due diligence" in attempting to locate him subsequent to the issuance of the bench warrant. According to the defendant, since the People had not exercised "due diligence", the entire 143-day period which had elapsed between the issuance of the warrant and the defendant's return thereon, was chargeable to the People. The defendant argued that when the foregoing period of 143 days was considered together with a further delay of 55 days also allegedly chargeable to the People, a total of 198 days were chargeable to the People, exceeding the statutory maximum of six months.

The People did not adduce proof in opposition to the defendant's assertion that no efforts were made to locate him. Rather, the People argued that they were under no obligation to exercise "due diligence" in attempting to ascertain the defendant's whereabouts after the issuance of the bench warrant on December 7, 1987, and that the 143 days which elapsed thereafter were properly excludable pursuant to CPL 30.30 (4) (c).

## IV

By order dated July 5, 1988, the Supreme Court denied the defendant's "speedy trial" motion. The court concluded, *inter alia,* that under CPL 30.30 (4) (c) the People were not required to exercise "due diligence" in locating the defendant after the bench warrant had been issued and that, as a consequence, the 143 days of delay which subsequently ensued were excludable. We agree.

## V

The resolution of the "speedy trial" question before us rests upon a construction of CPL 30.30 (4), which lists the grounds upon which time may be excluded from the speedy trial computation. Prior to August 4, 1984, CPL 30.30 (4) (c) read as follows:

"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *

"(c) the period of delay from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence".

In 1984, CPL 30.30 (4) (c) was amended so as to legislatively overrule two Court of Appeals holdings which had strictly construed the subdivision with respect to excludable time periods (see, L 1984, ch 670, § 1; People v Colon, 59 NY2d 921; People v Sturgis, 38 NY2d 625). In Colon and Sturgis, the Court of Appeals ruled that the absence of a defendant did not prevent the People from filing accusatory instruments, and that as a consequence, any delays attributable to a failure to so file did not "result from" the defendant's absence, and therefore were not excludable pursuant to CPL 30.30 (4) (c) (see, People v Bratton, 103 AD2d 368, 369, affd 65 NY2d 675; Bellacosa, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30 [1991 Supp Pamph], at 62; People v Rodriguez, 132 Misc 2d 1044, 1046-1047). The amended version of CPL 30.30 (4) (c) now reads as follows:

"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *

"(c) the period of delay resulting from the absence or unavailability of the defendant *or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant's failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise.* A defendant must

be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence" (emphasis supplied).

Recently, in *People v Garrett* (171 AD2d 153, 155, *supra)*, where a bench warrant had been issued, we concluded, *inter alia,* that the People were not required to exercise "due diligence" where it had been established that the defendant was "absent", i.e., that his location was unknown and that he was attempting to avoid apprehension (CPL 30.30 [4] [c]). We now extend the scope of our *Garrett* holding by concluding that the People need only establish that a bench warrant has been issued in order to exclude the ensuing periods of delay attributable to the defendant's failure to appear as scheduled in court. A review of the legislative history underlying the 1984 amendment to CPL 30.30 (4) (c) confirms the propriety of our conclusion. The express intent of the 1984 amendment was clearly to lessen the People's burden in discharging their "speedy trial" obligation where a defendant has absconded *(see, People v Bratton, supra,* at 370). A review of the Governor's memorandum submitted in support of the new law indicates that the amendment was intended to exclude the period of delay "extending from the day on which a bench warrant is issued for a defendant who is absent or unavailable *because he has escaped from custody or has failed to appear in court when required,* to the day on which the defendant subsequently appears in court pursuant to a bench warrant or voluntarily or otherwise" (Governor's mem, 1984 McKinney's Session Laws of NY, at 3628 [emphasis added]). The memorandum further comments that the construction accorded the statute by the Court of Appeals in *Sturgis (supra)* and *Colon (supra)* had "caused the unwarranted loss of otherwise meritorious prosecutions, and the unjustifiable expenditure of the time and resources of prosecutors, grand juries, victims and witnesses" (Governor's mem, 1984 McKinney's Session Laws of NY, at 3629). Similarly, Judge Bellacosa observed in a Practice Commentary that the 1984 amendment was "intended to relieve prosecutors of the burdens of presenting cases to the grand jury and filing informations in misdemeanor cases after defendants have jumped bail. It serves a salutatory purpose since there is no need to afford additional speedy trial protection to an absconder who is the subject of

an outstanding bench warrant" (Bellacosa, 1984 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.30 [1991 Supp Pamph], at 62; *see also, People v Worley,* 66 NY2d 523, 526, n 2; *People v Walker,* 122 AD2d 654; *People v Brown,* 113 AD2d 812; *People v Bratton, supra).* *

Notwithstanding the Legislature's intent to lessen the People's speedy trial obligations with respect to an absconding defendant, and despite the new language relating to bench warrants, the defendant contends that the amended statute must be construed so as to impose upon the People the very same speedy trial obligations which existed prior to the amendment. We find otherwise. Such an interpretation is not only contrary to the Legislature's intent, it fails to attribute any operative impact to the amendment. Prior to the 1984 amendment, the People were already obligated to exercise "due diligence" in seeking to ascertain the whereabouts of an unavailable defendant before any of the ensuing delays could be excluded pursuant to CPL 30.30 (4) (c) *(see, e.g., People v Walker, supra,* at 655; *People v Bratton,* 103 AD2d 368, *supra).* To adopt the defendant's position, i.e., that "due diligence" is still required where a bench warrant has been issued, would deprive the newly added provision of any practical effect in connection with the type of delay which originally prompted the Legislature to amend the law. We decline to ascribe a meaning to the 1984 amendment which frustrates, rather than furthers, the Legislature's objective in altering the statute *(cf., People v Jordan,* 153 AD2d 263, 267).

Finally, the imposition of a "due diligence" obligation is inconsistent with the logic underlying the 1984 amendment, i.e., that "there is no need to afford additional speedy trial protection to an absconder who is the subject of an outstanding bench warrant." (Bellacosa, 1984 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.30 [1991 Supp Pamph], at 62; *see also, People v Bratton, supra,* at 373.) It is inconceivable in light of the Legislature's intent, that the framers of the amendment intended to permit a defendant who deliberately absents himself from the proceedings to later argue that the delays attributable to his own

---

* We are aware that the First Department has recently concluded that "due diligence" must still be established after the issuance of a bench warrant, but we decline to follow the First Department's holding *(see, People v Quiles,* 176 AD2d 164).

illegal conduct require the dismissal of an indictment *(cf., People v Myers,* 171 AD2d 148, 152).

In light of the foregoing, the defendant's speedy trial motion was properly denied.

SULLIVAN, EIBER and COPERTINO, JJ., concur.

Ordered that the judgment is affirmed