■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN AZCONA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 19, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to a speedy trial, due in large measure to a 111-day, pre-indictment delay. The record reveals, however, that during this period of time the People were actively investigating allegations of police brutality which had been made by the defendant during his arraignment on a felony complaint. Although the defendant did not request that his charges of brutality be investigated, the charges provided a legitimate basis for the People to be concerned about the credibility of the police witnesses to the alleged drug sale. An investigation into the allegations of police brutality was thus necessary to properly prepare the case for presentation to the Grand Jury. Accordingly, we find that the period of pre-indictment delay was properly excluded as an "exceptional circumstance" pursuant to CPL 30.30 (4) (g) (see, People v Johnson, 167 AD2d 422).

We further find that the period of time following the defendant's failure to appear and the issuance of a bench warrant was properly excluded (see, CPL 30.30 [4] [c]; People v Worley, 66 NY2d 523, 526, n 2; People v Bolden, 174 AD2d 111; People v Walker, 122 AD2d 654, 655).

Finally, while the court should have charged the People with that portion of the delay following the court's warning of December 2, 1988, to serve an answer to the defendant's pretrial motion (see, People v McKenna, 76 NY2d 59), even if that delay is charged to the People, the record demonstrates that they were ready for trial within the statutory period (see, CPL 30.30 [1] [a]). Accordingly, the defendant's right to a speedy trial was not violated. Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.