■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HUGHES, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered April 26, 1990, upon a verdict convicting defendant of four counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was initially indicted by a Grand Jury on three counts of the crime of criminal sale of a controlled substance in the third degree, a class B felony (hereinafter the initial three counts); this indictment was dismissed without prejudice for failure to inform defendant of his right to testify before the Grand Jury (CPL 190.50 [5] [a]). Subsequently, defendant was reindicted on five counts of the crime of criminal sale of a controlled substance in the third degree, including the initial three counts previously dismissed. Prior to jury selection, defendant unsuccessfully moved to dismiss the initial three counts of this indictment on speedy trial grounds.

At trial, two police informants testified as to three purchases of cocaine from defendant on three separate occasions in April 1988 (counts 1, 2 and 3) and an undercover police officer testified as to two purchases of cocaine from defendant in December 1988 (counts 4 and 5). Convicted of four of the five counts of the indictment, defendant received an indeterminate sentence of four terms of 6 to 12 years in prison, two of the terms to run concurrently. Defendant appeals. We affirm.

Unavailing is defendant's contention that County Court erred in failing to grant his motion to dismiss the initial three counts for failure to provide him a speedy trial pursuant to CPL 30.30. To determine whether CPL 30.30 has been violated in a case such as this, where there are successive indictments involving the same crimes, the court should: "make a determination as to the number of days to be charged to the People prior to their valid statement of readiness on the original indictment, subtract that number from the number of days in the entire speedy trial period, and then subtract from the balance any subsequent period of prosecutorial delay incompatible with their ability to proceed" *(People v Traficante,* 143 AD2d 443, 444-445).

The prosecution against defendant was commenced for pur-

poses of CPL 30.30 on April 11, 1988 when the criminal complaint charging him with the initial three counts was filed *(see, People v Sinistaj,* 67 NY2d 236, 239; *People v Osgood,* 52 NY2d 37, 43). As defense counsel proposed the April 22, 1988 stipulation to extend the time within which to attack the original indictment for failure to provide notice of presentation to the Grand Jury beyond the statutory five days from arraignment (CPL 190.50 [5] [c]) in order to prolong defendant's opportunity to "negotiate pleas", and the stipulation is akin to a request for an adjournment to make pretrial motions *(see,* CPL 30.30 [4] [a], [b]; *People v Liotta,* 79 NY2d 841; *People v Meierdiercks,* 68 NY2d 613, 614-615; *see also, People v Rugg,* 141 AD2d 925, *lv denied* 72 NY2d 924), the period from the stipulation until defendant's motion to dismiss, specifically April 22, 1988 to August 1, 1988, was properly charged to defendant, leaving only 11 days prior to the People's July 25, 1988 statement of readiness chargeable to the prosecution. And the postreadiness time from defendant's motion to dismiss to County Court's August 29, 1988 decision is not chargeable to the People (CPL 30.30 [4] [a]). However, the postreadiness time of 114 days between the dismissal of the original indictment until the December 21, 1988 reindictment is chargeable to the People *(see, People v Cortes,* 175 AD2d 171; *People v Bryant,* 153 AD2d 636, 639-640, *lv denied* 74 NY2d 894). Even so, the total time chargeable to the People, namely 125 days, is less than the six months allowed by CPL 30.30 (1) (a); hence, defendant's right to a speedy trial was not denied.

Defendant's remaining arguments are without merit. With respect to defendant's challenge to County Court's *Sandoval* ruling, we are satisfied that, in allowing the use of three of defendant's prior convictions for impeachment purposes should he take the stand, County Court appropriately balanced the prior convictions' prejudicial nature against their probative worth in assessing defendant's credibility *(see, People v Sandoval,* 34 NY2d 371). Next, even if it can be said that County Court mistakenly failed to permit cross-examination of the witness that the prosecution utilized to prove count 2 regarding her possible engagement in prostitution, such error was harmless in light of the extensive impeachment evidence that was allowed into evidence *(cf., People v Ayrhart,* 101 AD2d 703, 704).

Nor are we persuaded that County Court erred in refusing to give a "missing witness" charge for a confidential informant who accompanied the undercover officer on the drug buy which led to count 4. The undercover officer testified fully as

to that transaction, the jury heard the tape recording of the transaction, and defendant has not shown that the testimony of the confidential informant would have been anything other than cumulative (see, People v Solis, 173 AD2d 1089, lv denied 78 NY2d 974, 1081).

Lastly, defendant's sentence was neither harsh nor excessive. Not only is his indeterminate aggregate sentence of 18 to 36 years reduced to 15 to 30 years by operation of Penal Law § 70.30 (1) (c) (i), but also the sentences on each count are less than are statutorily allowed (see, Penal Law § 70.00 [2] [b]; § 220.39); moreover, given defendant's more than ample past criminal record, County Court did not abuse its sentencing discretion (see, People v Kenny, 175 AD2d 404, lv denied 78 NY2d 1012).

Weiss, P. J., Mikoll and Crew III, JJ., concur. Ordered that the judgment is affirmed.