OPINION OF THE COURT
David B. Vaughan, J.
Defendant moves to dismiss the indictment on the grounds that he has been denied his statutory right to a speedy trial (CPL 30.30, 210.20).
*514 In considering this motion the court has considered defendant’s moving papers, the People’s reply, a stipulation of facts dated March 18, 1992 and the minutes of proceedings from June 26, 1990, July 18, 1990, August 2, 1990, August 14, 1990, September 18, 1990, October 23, 1990 and the defendant’s and People’s memoranda of law.
The People are required to announce their readiness for trial within six months of the commencement of a criminal proceeding charging the defendant with a felony, less certain excludable periods (People v Gaggi, 104 AD2d 422, 423). The six-month period begins to run from the filing of the first accusatory instrument against a defendant in a criminal court.
In this case the time began to run on May 8, 1990 when a felony complaint was filed. The allowable six-calendar-month statutory limitation in this case therefore (May 8, 1990 to Nov. 9, 1990) totals 184 days (People v Pappas, 128 AD2d 556, 558).
On June 5, 1990 defendant was arraigned on this indictment (5608/90) and another indictment (5620/90). At the arraignment defendant was taken into custody, and remains incarcerated until this day.
The People announced their readiness for trial on June 26, 1990 on both indictments. This court finds it was a valid statement of readiness in that it met the two-prong test enunciated in People v Kendzia (64 NY2d 331, 337). There was a communication of readiness by the People which appeared on the court’s record, and the People were in fact ready to proceed. Defendant does not challenge the People’s readiness to proceed, but does question the statement of readiness wherein the People stated "ready on both indictments”. This court holds that the plain meaning of the term "both indictments” means the two companion indictments 5608/90 and 5620/90. Had the People meant to refer to the two defendants named in indictment No. 5620/90, they would have stated "ready as to both defendants”.
On June 26, 1990 indictment No. 5620/90 was adjourned to Part 26 for July 6, 1990. This indictment was scheduled for July 18 in Part ACA 120. The separation to different parts occurred because of the necessity of the codefendant on indictment No. 5620/90 to have County Law article 18-B counsel appointed.
Both cases were on the calendar several times. On July 18, *515 1990 under indictment No. 5608/90, the People failed to produce defendant in court. The instant matter was adjourned until August 2, 1990 when the People again failed to produce defendant. The case was next on August 10th, when the People failed to produce defendant. On August 10th, the court ordered a bench warrant for defendant that was to be lodged with the Department of Correction. The bench warrant was issued on August 15,1990.
From August 10, 1990 until April 16, 1991, there was no action taken on this indictment, even though the parties knew the defendant’s location and informed the presiding Justice in Part 26 of this fact. During that period the defendant continued to be produced under indictment No. 5620/90 in Part 26, and that case was on the calendar frequently. On April 16, 1991, this case again appeared in court, the defendant was produced, and the bench warrant vacated.
The period from August 10, 1990, until April 16, 1991 during which no action was taken on this indictment is critical to determining the outcome of defendant’s motion. If that eight-month period is chargeable to the People, then the indictment exceeds the statutory period in which the People must answer ready and the indictment must be dismissed (People v Pappas, 128 AD2d 556, 558, supra). If the critical period is not charged to the People, then the People are within the six-calendar-month statutory period, and the motion must be denied.
In People v Bolden (174 AD2d 111, 112, Iv granted 79 NY2d 997) the court held "the People need only demonstrate that a bench warrant has been issued in order to exclude delays attributable to a defendant’s failure to appear after the issuance of the warrant” on a CPL 30.30 motion. That decision is based on the court’s interpretation of CPL 30.30 (4) (c). CPL 30.30 (4) (now) reads in pertinent part:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded * * *
"(c) the period of delay resulting from the absence or unavailability of the defendant or, where the defendant is absent or unavailable and has either escaped from custody or has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant’s failure to appear in court when required, to the day the *516 defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise.” (Emphasis supplied.)
CPL 30.30 (4) (c) includes only defendants who have escaped from custody or have previously been released on bail or on their own recognizance. Since Bolden (supra) is based on subdivision (4) (c), and that section covers only escapees and defendants released on bail or recognizance, Bolden is also limited.
In the within matter defendant has been incarcerated since his arraignment and continues to remain in custody. The within warrant was issued for an incarcerated defendant, not an escapee or a person released on bail or recognizance. Therefore, Bolden (supra) is not applicable.
In addition, Bolden (supra) presupposes a legal bench warrant. In the instant case, the warrant was issued erroneously (CPL 550.10, 510.50, 560.10) and is illegal. CPL 550.10 and 510.50 authorize the issuance of a bench warrant only when a defendant is at liberty within the State as a result of an order releasing him on his own recognizance, or on bail (CPL 550.10 [2] [b]). If the defendant is confined to the custody of the Sheriff, then his appearance in court is secured by a court order directing the Sheriff to produce him (CPL 550.10 [2] [b]). The proper method of securing a person is in accordance with CPL article 560. The bench warrant issued in this case was improper and a nullity and therefore, in law, did not exist.* Bolden is therefore inapplicable.
The delay in this case was caused by the failure to produce defendant and the court’s erroneous issuance of a bench warrant. The issuance of the invalid bench warrant occurred after a statement of readiness. Generally, the People are not charged with postreadiness court error (People v Chang, 176 AD2d 951; People v Hudson, 162 AD2d 617; People v Smith, 97 AD2d 485). However, the People are charged with any post-readiness delays based on a failure to produce an incarcerated defendant (People v McKenna, 76 NY2d 59, 64; People v Wojciechowski, 132 AD2d 586, 588, after remand 143 AD2d 164, 166, lv denied 73 NY2d 861; People v Bryant, 139 AD2d 750, 751; People v Anderson, 66 NY2d 529, 540; People v Traficante, 147 AD2d 843, 844).
The People were negligent in failing to have the defendant *517 produced for an eight-month period. There is no record of the People demanding that the court take proper action in accordance with article 560 to have the defendant produced in court. Also, since the defendant was in the State’s custody during the critical eight-month period, and the People saw defendant produced on indictment No. 5620/90, they could have taken positive steps to insure defendant’s presence in court.
The People’s inaction created the chain of events that led to the issuance of the invalid bench warrant. They failed to produce defendant in court on two prior occasions, i.e., July 18, 1990 and August 2, 1990. On August 10, 1990 the People failed to produce the defendant a third time. The People do not explain the failure to produce defendant. It was the court’s frustration in being unable to proceed without the defendant that led to the issuance of the invalid bench warrant. Thus, the bench warrant was the direct result of the People’s inaction.
"[T]he People cannot be permitted to avoid the consequences of their own negligence” (People v McKenna, 76 NY2d 59, 65; People v Wojciechowski, 143 AD2d 164, 166, supra). Therefore, the court’s error was the result of the People’s neglect in producing defendant, and the delay is chargeable to them.
Even though the People had announced their readiness for trial on June 26, 1990, their state of readiness did not continue after their failure to produce the defendant (People v Knight, 163 AD2d 583, 585; People v McKenna, 76 NY2d 59, n, 65, supra; People v Cortes, 175 AD2d 171, 172, lv granted 78 NY2d 1126). "[S]ince the defendant was incarcerated, and therefore, was within the People’s control and was not produced by them * * * their assertion that they were ready for trial on that date is without merit (cf., People v Bryant, 153 AD2d 636)” (People v Cortes, supra, at 172).
If the People lose their readiness for failure to produce an incarcerated defendant, the delays are viewed as a prereadiness delay which is chargeable to the People (People v Brothers, 50 NY2d 413, 417-418; People v Hudson, 162 AD2d 617, 618, supra).
The eight-month period of delay during which the within indictment was off the calendar is chargeable to the People and, therefore, defendant’s motion to dismiss the indictment is granted. The indictment is dismissed.

 CPL 530.70 authorizes a bench warrant to be issued to police officers and uniformed court officers, not the Department of Correction.