■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHU, Also Known as CHING CHANG, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS CHIN, Appellant. [627 NYS2d 657] —Judgments, Supreme Court, New York County (Carol Berkman, J.), rendered December 15, 1992 with respect to defendant Shu, and January 13, 1993 with respect to defendant Chin, convicting each defendant, after a jury trial, of criminal possession of a weapon in the third degree and offering a false instrument for filing in the first degree, and sentencing each defendant, as a second violent felony offender, to consecutive terms of $3^1/_2$ to 7 years and 2 to 4 years, respectively, unanimously modified, on the law, to the extent of dismissing the count of offering a false instrument for filing in the first degree as to each defendant, and otherwise affirmed.

While the evidence supporting each defendant's conviction of criminal possession of a weapon was overwhelming, the evidence of offering a false instrument for filing (Penal Law § 175.35) was legally insufficient. The evidence established that, with intent to escape corruptly liability for possession of a weapon, defendants induced a coconspirator to retain an attorney and to advise this attorney of his desire to confess sole responsibility for the weapon that defendants were charged with possessing, whereupon the attorney, on his own initiative, directed the coconspirator to put his confession in the form of an affidavit, which the attorney then forwarded to defendant

Chin's attorney, who, in turn, forwarded it to the prosecutor, neither attorney being aware of the falsity of the affidavit. While the crime of offering a false instrument for filing may be accomplished through an innocent intermediary (*People v Bel Air Equip. Corp.*, 39 NY2d 48, 55; Penal Law § 20.05 [1]), the guilty party must, at the very least, contemplate or understand that a *writing* of some sort will be involved (*see, People v Gurino*, 143 AD2d 362). In the instant case, while there was evidence that defendants may have foreseen that the coconspirator's false confession might, at some point, be reduced to writing and "filed" with the prosecutor, defendants could just as easily have contemplated that the coconspirator could accomplish his corrupt mission by making a purely *oral* confession, which would not satisfy the elements of offering a false instrument for filing. Accordingly, this count must be dismissed, rendering academic the various other issues raised by defendants specifically relating to that count.

Defendant Chin's speedy trial motion was properly denied. The period from April 15 to June 16, 1991 was excludable because defendant Chin made an explicit written request for the Grand Jury presentation to be delayed for the People to investigate his claim of innocence, and because the People made reasonably diligent efforts to investigate that claim during that time period (*see, People v Azcona*, 180 AD2d 690, *lv denied* 80 NY2d 828). Since there was no includable time following September 23, 1991, when the People simultaneously filed the indictment and a statement of readiness in Criminal Court, where the case was still pending (*cf., People v Kendzia*, 64 NY2d 331, 337), there was not enough includable time to require dismissal.

Defendants' motion to suppress physical evidence was properly denied on the basis of the "automobile exception" (*People v Belton*, 55 NY2d 49), there being ample probable cause, supplied by a citizen-eyewitness and corroborated by other information, to arrest defendants and to search their vehicle for a weapon.

Defendant Shu's motion to suppress a statement was properly denied. The record supports the court's finding that even assuming the continued effectiveness of a cooperation agreement giving Shu use immunity with respect to statements he might make in his continuing capacity as a confidential informant, that agreement did not cover a false, self-serving statement concerning a new crime. In any event, any error in this regard would be harmless beyond a reasonable doubt because of the overwhelming evidence of guilt and lack of impact of the statement.

The court did not abuse its discretion in receiving various evidence that merely suggested possible gang affiliation and other uncharged criminal activity, and was not without relevance (*see, People v Boyd*, 164 AD2d 800, 802, *lv denied* 77 NY2d 904). In any event, any error in this regard would be harmless because of the overwhelming evidence of guilt.

When, on cross-examination, the defense accused a witness of proprosecution bias and implied that the witness was tailoring his testimony to match that of the police, the People were properly permitted to rebut this claim of recent fabrication by showing that the witness made a prior consistent statement at a time when he would have had no way of knowing what the police account of the incident would ultimately be (*see, People v McDaniel*, 81 NY2d 10, 18).

When, during a readback of testimony, some jurors evinced a reluctance to continue, the court properly offered the jury the option to cut the readback short. The jury's note requesting the entirety of certain testimony was not irrevocable, and the court was circumspect in reminding the jury of its absolute right to complete the readback, and in ascertaining that the abridged readback was satisfactory (*People v Hawkins*, 173 AD2d 358, *lv denied* 78 NY2d 1076).

We have reviewed each defendant's remaining contentions concerning the weapon possession convictions and find them without merit. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Mazzarelli, JJ.